Bridget B. Hirsch, State Bar No. 257015
bhirsch@andersonkill.com
ANDERSON KILL CALIFORNIA L.L.P.
Wells Fargo Plaza
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071
Tel:    (213) 943-1444
Fax:    (212) 278-1733

Jeremy E. Deutsch (Pro Hac Vice pending)
jdeutsch@andersonkill.com
Ethan W. Middlebrooks (Pro Hac Vice pending)
emiddlebrooks@andersonkill.com
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel.:   (212) 278-1000
Fax:    (212) 278-1733

Attorneys for Plaintiffs
COR Securities Holdings Inc. and COR Clearing LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COR SECURITIES HOLDINGS INC., a Delaware Corporation; and COR CLEARING LLC, a Delaware limited liability company, <br><br>               Plaintiffs, <br><br> vs. <br><br> BANC OF CALIFORNIA, N.A., a nationally chartered bank under the laws of California; HUGH F. BOYLE, an individual; and DOES 1-10, <br><br>               Defendants. | **Civil Action No.** <br><br> **COMPLAINT FOR:** <br><br> **(1) VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030(g);** <br> **(2) VIOLATION OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, CAL. PEN. CODE § 502(e);** <br> **(3) VIOLATION OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT, CAL. PEN. CODE § 502(e);** |

- 1 -
**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

)   **(4) AIDING AND ABETTING**
)   **VIOLATIONS OF THE**
)   **COMPUTER FRAUD AND ABUSE**
)   **ACT AND THE CALIFORNIA**
)   **COMPREHENSIVE COMPUTER**
)   **DATA ACCESS AND FRAUD**
)   **ACT; and**
)   **(5) FRAUD**
)
)   **DEMAND FOR JURY TRIAL**
)
)
)

**Anderson Kill California L.L.P.**
**355 South Grand Avenue, Suite 2450**
**Los Angeles, CA 90071**

- 2 -
**COMPLAINT**
nydocs1-1094396.1

1    Plaintiffs COR SECURITIES HOLDINGS INC. and COR CLEARING

2 LLC complain against each Defendant and allege as follows:

3                          **JURISDICTION AND VENUE**

4        1.      This Court has jurisdiction under section 1331 of title 28 of the United

5 States Code because this matter is a civil action involving a federal statute and

6 because Plaintiffs have been damaged and incurred costs in responding to the

7 actions complained of herein in an amount exceeding the jurisdictional limit.

8        2.      This Court has supplemental jurisdiction under section 1367,

9 subsection (a) of title 28 of the United States Code over the state law causes of

10 action in this matter, because those state law causes of action arise out of the same

11 case or controversy under Article III of the United States Constitution.

12       3.      Venue is proper within this judicial district under section 1391,

13 subsections (b)(1) and (b)(2) of title 28 of the United States Code because the

14 Defendants reside in this judicial district, and because a substantial part of the

15 events or omissions giving rise to the claim occurred in this judicial district.

16                              **THE PARTIES**

17       4.      Plaintiff COR SECURITIES HOLDINGS INC. ("CORSHI") is a

18 Delaware Corporation with its principal place of business in the State of California.

19       5.      Plaintiff COR CLEARING LLC ("COR Clearing") is a limited

20 liability company organized under the laws of the State of Delaware with its

21 principal place of business in Omaha, Nebraska.  COR Clearing is a full-service

22 independent securities clearing firm servicing retail and online broker dealers and

23 registered investment advisers.  COR Clearing's sole member is CORSHI.

24       6.      Plaintiffs allege upon information and belief that Defendant BANC

25 OF CALIFORNIA, N.A. ("Banc of California" or the "Banc") is a nationally

26 chartered bank existing under the laws of the State of California with its principal

27 place of business in Irvine, California.  It is a subsidiary of Banc of California,

28 Inc., a corporation duly organized and existing under the laws of the State of

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 3 -
**COMPLAINT**

1  California. At all relevant times, the Banc had no relationship with CORSHI or
2  COR Clearing other than sharing certain executive officers, as set forth below, and
3  other than the fact that COR Clearing was an account holder at the Banc.

4      7.    Plaintiffs allege upon information and belief that Defendant HUGH F.
5  BOYLE ("Boyle") is a resident of the State of California and the Chief Risk
6  Officer of the Banc and was at some point in time promoted to acting Chief
7  Executive Officer of the Banc.

8      8.    The true names and capacities, whether individual, corporate,
9  associate, or otherwise of Defendants DOES 1 through 10 inclusive, are unknown
10 to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs
11 will ask leave of Court to amend this Complaint and insert the true names and
12 capacities of said Defendants when the same have been ascertained.

13     9.    Plaintiffs allege upon information and belief, that each of the
14 Defendants designated herein as "DOE" is legally responsible in some manner for
15 the events alleged herein, and that Plaintiffs' damages as alleged herein were
16 proximately caused by such Defendants. Plaintiffs are informed and believe and
17 based thereon that the Defendants, including those identified as "DOE" were the
18 agents, representatives, and co-conspirators of each other, and were acting within
19 the scope and course of such relationship, and acted with the approval, ratification,
20 and acknowledgment of the others.

21                    **REFERENCED NON-PARTIES**

22     10.   Steven Sugarman was Managing Member of COR Advisors, LLC. At
23 all relevant times, he also was the Chairman and CEO of CORSHI. From 2013
24 until his employment was severed from the Banc in January 2017, Mr. Sugarman
25 also was the founder, Chairman, President, and Chief Executive Officer of Banc of
26 California.

27     11.   COR Advisors, LLC was a management company, which, for a fee,
28 performed management and administrative services for CORSHI pursuant to a

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 4 -
**COMPLAINT**
nydocs1-1094396.1

1  written agreement.  CORSHI and COR Clearing delegated certain management
2  and administrative services to COR Advisors, LLC.

3      12.     Carlos Salas was at all relevant times the Chief Executive Officer of
4  COR Clearing.  Mr. Salas served under Mr. Sugarman as an officer of the Banc for
5  a period of time ending January 2017, or on or about the time Mr. Sugarman was
6  severed from the Banc.

7      13.     Mark R. McDonald, Esq. ("McDonald"), is, upon information and
8  belief, a resident of the State of California, and an attorney duly admitted to
9  practice in the State of California.  At all relevant times, McDonald was employed
10  by Morrison Foerster LLP at its Los Angeles, California office.

11      14.     Upon information and belief, Olivia Lindsay is the Senior Vice
12  President of Risk Operations at Banc of California and held that position in March
13  of 2017.

14      15.     Upon information and belief, OneHub, Inc. is a corporate entity based
15  in Seattle, Washington, that operates on behalf of its clients a secure online file and
16  information cloud-storage system.

17      16.     Upon information and belief, OneHub accounts are organized by
18  account and then by workspaces within each account.  Each workspace is
19  essentially an independent, stand-alone depository.  OneHub describes
20  "workspaces" as "the top-level organizational structure for files and folders." (*See*
21  http://developer.onehub.com/workspaces/).  Permission to access information
22  within each account can be given on an account-wide basis, or at a more
23  individualized and granular workspace level.  Access given on a workspace basis
24  does not mean that access is given to any other workspace.  Permissions have to be
25  set for each workspace.

26                              **GENERAL ALLEGATIONS**

27  I.     BACKGROUND

28      17.     In or about February 2012, Steven Sugarman, acting in his capacity as

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 5 -
**COMPLAINT**

Managing Member of COR Advisors, LLC, opened an account with OneHub, designated as OneHub Account No. XXXXX4812 (the "Account"). A true and correct copy of the Account opening receipt is attached hereto as Exhibit A.

18.     Mr. Sugarman later in 2013 became the Chairman, President, and Chief Executive Officer of the Banc of California. In this same approximate timeframe, COR Advisors, LLC, on information and belief, also began providing services to the Banc.

19.     Subsequently, Chief Executive Officer of COR Clearing, Carlos Salas, agreed to transition to Banc leadership and was an officer of the Banc serving under Mr. Sugarman. Mr. Sugarman's personal assistant also transitioned to the Banc from COR Advisors, LLC.

20.     In December 2016, the Board of Directors of the Banc became determined to sever Mr. Sugarman. The Board of the Banc also determined to oust other corporate executives responsible for the Banc's control processes. Some of those executives were involved with CORSHI and COR Clearing, including Mr. Salas and Mr. Sugarman's personal assistant.

21.     Upon information and belief, the Banc Board members engaged counsel to assist them with their efforts to oust Mr. Sugarman and the other executives.

22.     In January 2017, the Board of Directors negotiated Mr. Sugarman's separation from the Banc. Concurrently, the Banc terminated several other Banc officers, including those affiliated with CORSHI and COR Clearing.

23.     Upon information and belief, there was no good reason or cause to force Mr. Sugarman out or to terminate the other officers.

24.     Upon information and belief, the Banc directors and the Banc knew about certain Banc-related information contained in the Account at OneHub, as set forth below.

25.     Upon information and belief, the Banc directors had demanded non-

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 6 -
**COMPLAINT**

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1  Banc related communications from Mr. Sugarman through their counsel in
2  connection with severing Mr. Sugarman.  This included communications related to
3  CORSHI.

4      26.    When CORSHI was made aware of these demands (in January 2017),
5  CORSHI and COR Clearing agreed to only a limited release of Mr. Sugarman's
6  COR-related communications to the Banc counsel.  That limited release was on
7  terms that protected CORSHI and COR Clearing's confidential, non-public
8  information, and preserved and did not waive any of its legal privileges relative to
9  those documents.

10     27.    Plaintiffs believe and allege that the Banc's subsequent unauthorized
11  access in March 2017 to the OneHub Account and to Plaintiffs' confidential,
12  privileged, and proprietary information (as set forth below) was a further part of
13  the Board of the Banc's desperate but unsuccessful hunt to find compromising
14  information on Mr. Sugarman and the other severed executives.  The Board of the
15  Banc desired to justify their wrongful actions *post hoc*.  It is in this context that this
16  action arises.

17  II.    CORSHI'S AND COR CLEARING'S ONEHUB ACCOUNT

18     28.    As set forth above, Mr. Sugarman, in February 2012, acting in his
19  capacity as Managing Member of COR Advisors, LLC, opened the Account with
20  OneHub. *See* Exhibit A.

21     29.    COR Advisors, LLC, by Mr. Sugarman, opened the Account for
22  CORSHI and COR Clearing and on behalf of and for the benefit of COR Clearing
23  and CORSHI.

24     30.    CORSHI and COR Clearing paid for the Account as part of the
25  monthly management fee paid to COR Advisors, LLC.

26     31.    The Account was composed of multiple workspaces, each containing
27  folders and files of information.  Mr. Sugarman and COR Advisors, LLC set
28  permission levels on each workspace on a workspace-by-workspace level in order

- 7 -
**COMPLAINT**

nydocs1-1094396.1

1    to preserve confidentiality and ownership over the information.

2        32.    From time to time, Mr. Sugarman opened and administered several

3    workspaces for CORSHI and COR Clearing-related projects.  He also granted

4    workspace access permissions to personnel who were entitled to view and needed

5    to access the information contained therein.  Certain workspaces included

6    information for or pertaining to attorneys providing legal services for

7    CORSHI/COR Clearing.  Both Plaintiffs utilized those workspaces to store private

8    information, proprietary information, confidential client information, and other

9    privileged information belonging to them.  This was the intent when COR

10   Advisors, LLC set up the Account for the benefit and on behalf of the Plaintiffs.

11       33.    One of CORSHI and COR Clearing's workspaces was named "A/C

12   Priv".  Upon information and belief, this workspace was used to store Plaintiffs'

13   privileged information and attorney-client communications.

14       34.    Upon information and belief, at some time during Mr. Sugarman's

15   concurrent tenure as CEO of the Banc, dedicated workspaces within the Account

16   were set up for Banc-related projects.  Information in those Banc-related

17   workspaces was placed there by Mr. Sugarman per his authority as the CEO of the

18   Banc and the service arrangement the Banc had with COR Advisors, LLC.  Only

19   appropriate Banc-related personnel were granted permission to access the Banc-

20   related workspaces.

21       35.    During this time, Mr. Sugarman shifted the payment of the fees

22   associated with the Account to a Banc credit card in the name of Mr. Sugarman's

23   personal assistant.

24       36.    At no time did Mr. Sugarman or COR Advisors, LLC transfer

25   ownership of the Account to the Banc nor was the Banc entitled to ownership of

26   the Account.  Similarly, neither the Banc nor any Banc personnel were granted

27   permission to access any non-Banc-related workspace, including the "A/C Priv"

28   workspace belonging to Plaintiffs.

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 8 -
nydocs1-1094396.1

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

37.     As alleged above, Steven Sugarman separated from the Banc on or about January 23, 2017, in connection with the successful coup by the Board. Upon his departure, Mr. Sugarman shifted the payment for the expenses and fees associated with the Account to his personal credit card, and away from any credit card associated with the Banc.

38.     Upon information and belief, the Banc never made demand upon Mr. Sugarman or COR Advisors, LLC for return of any documents it contended belonged to it and stored in any of the OneHub workspaces.  Certainly, the Banc was not entitled to self-help.

III.     MCDONALD SENDS ONEHUB THE FRAUDULENT LETTER

39.     At some time, the Banc retained McDonald as counsel.

40.     Upon information and belief, McDonald, acting as attorney for the Banc, sent OneHub a letter dated March 7, 2017 (the "Letter"), a true and correct copy of which is attached hereto as Exhibit B.  Upon information and belief, Plaintiffs believe McDonald was instructed by Defendant Boyle to send the Letter.

41.     That Letter contained unqualified misrepresentations of material facts, primarily that "Banc of California has maintained an account with OneHub to host Banc of California documents."  Exhibit B.

42.     Further, the Letter falsely claimed that Mr. Sugarman had "removed Onehub access from all Banc of California employees."  Exhibit B.  Among other things, while certain individual employees at the Banc may have had restricted access to certain workspaces (and never general access to all workspaces), it is beyond dispute that "all employees" of the Banc did not have access to all of the particular workspaces.  The Account was not a general Banc of California file depository or facility. Nor was it ever treated as such.

43.     And, significantly, the Letter falsely represented that "[t]he new owner of the account" was Olivia Lindsay, the Senior Vice President of Risk Operations at the Banc.  Exhibit B.  Upon information and belief, Ms. Lindsay

reports to Defendant Boyle at the Banc.  At no time did Mr. Sugarman or COR Advisors, LLC authorize a transfer or assignment of ownership of the Account to the Banc or to Olivia Lindsay in any capacity, nor were they asked to do so.

44.     Upon information and belief, the Banc and Boyle intentionally directed McDonald to include and/or approved the inclusion of the misrepresentations of material fact contained in the Letter in order to induce OneHub into relying upon them.  Upon information and belief, McDonald relied upon those statements without performing an independent investigation into their truth or falsity.  These actions were performed in furtherance of the *post hoc* attempt by the Banc to justify the separation of Mr. Sugarman and other executives related to CORSHI and COR Clearing.

45.     Upon information and belief, the Banc and Defendant Boyle knew the misrepresentations of facts contained in the Letter were false.

46.     OneHub relied upon the misrepresentations in McDonald's Letter and granted Olivia Lindsay, and therefore the Banc, full access to the Account.  In doing so, OneHub simultaneously excluded COR Clearing, CORSHI, COR Advisors, LLC, and Mr. Sugarman from any access to the Account, or to any of the workspaces therein, without ever contacting any of the Plaintiffs or Mr. Sugarman.

47.     Upon information and belief, at no time did Boyle, or any employee, advisor, or agent of the Banc -- including McDonald or anyone else at Morrison Foerster LLP -- contact Mr. Sugarman, COR Advisors, LLC, or any of the Plaintiffs regarding the Account.  Nor did they inquire about Mr. Sugarman's, COR Advisors LLC's, or Plaintiffs' access to workspaces, or to advise them that the Banc laid claim to the Account.  Instead, the Banc and Boyle, utilizing McDonald, acted secretly by quietly contacting OneHub without notifying any of the parties who had a proprietary interest in the information and ownership of the Account.

///

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 10 -

**COMPLAINT**

nydocs1-1094396.1

IV.   THE BANC  IMPROPERLY ACCESSES PLAINTIFFS' ACCOUNT

48.   On or around March 13, 2017, and perhaps starting on or around March 8, 2017, after McDonald's Letter had secured the Banc's unfettered access to the Account, Olivia Lindsay accessed Plaintiffs' confidential workspace and the materials contained therein.

49.   The Banc and its employees, in particular Olivia Lindsay, upon information and belief under direction of Defendant Boyle, without Plaintiffs' authorization accessed confidential data and privileged information belonging to Plaintiffs.  Among other things, the Banc accessed documents in the "AC-Priv" workspace, and in the "Clarity 2015" workspace.  Those documents contained sensitive proprietary, confidential, and privileged information, belonging to Plaintiffs, including the following: documents regarding legal disputes, FINRA and other regulatory matters, audit reports, and company and customer financial data; and communications with the subject line "Attorney Client Privilege" or a variation thereof.  None of the documents in this workspace belonged to the Banc in any way.

50.   Upon information and belief, the workspace names themselves put the Banc on notice that the information contained therein was not the Banc's.  Moreover, the names of the individual documents put the Banc on notice that those documents did not relate to the Banc.

51.   The Banc and its employees, in particular Olivia Lindsay, nonetheless reviewed and selectively removed, by downloading, Plaintiffs' confidential data and privileged information in the form of thousands of documents that had been securely stored in the "A/C Priv" workspace.

52.   The Banc and its employees, in particular Olivia Lindsay, also accessed and removed Plaintiffs' confidential data and information from other workspaces.

53.   The Banc and its employees never had any authorization from

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 11 -
**COMPLAINT**

nydocs1-1094396.1

1  Plaintiffs to access the entirety of the Account, in particular the "A/C Priv"
2  workspace although Mr. Sugarman's personal assistant, as an agent of COR
3  Advisors, LLC, had access (consistent with his duties and responsibilities for COR
4  Advisors, LLC, as agent for Plaintiffs).  Instead, Defendants gained access to the
5  Account through trickery and fraud.

6      54.    The Banc and its employees', in particular Olivia Lindsay's, use of
7  discriminating means in reviewing, analyzing, and then removing Plaintiffs'
8  confidential data and privileged information, is indicative that the Banc and its
9  employees knew that they had no rights to Plaintiffs' confidential data and
10  privileged information. The Banc and its employees thus knew they were stealing
11  Plaintiffs' confidential data and privileged information when they removed it from
12  workspaces in the Account.

13      55.    The Banc had been on precise notice that Plaintiffs were sensitive to
14  protecting their information since attorneys for the Banc had entered into the
15  limited release, non-disclosure agreement in order to induce Plaintiffs to share
16  information with them in January 2017, as described above.  In the many
17  conversations and written communications between counsel for Plaintiffs and
18  counsel for the Banc, Plaintiffs had made clear that they were not waiving their
19  attorney-client privilege and would not produce information that could be deemed
20  to be a waiver.  A large privilege log was produced in connection with these
21  inquiries on behalf of the Banc.  The Banc was affirmatively on notice that
22  Plaintiffs were taking all necessary and prudent steps to protect attorney-client
23  privileged communications vis a vis the Banc (and anyone else).  It is against this
24  backdrop that the Banc surreptitiously procured access to, reviewed, cherry picked,
25  and downloaded large but selected swathes of privileged material that the Banc
26  knew it was not entitled to review.

27      56.    In fact, the names of certain email files stored in and taken from the
28  "A/C Priv" workspace by the Banc and its employees bore the same email subject

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**COMPLAINT**

1  line name as entries in Plaintiffs' aforementioned privilege log.  Upon information
2  and belief, the Banc and its employees, in particular Olivia Lindsay, took these
3  documents from the "A/C Priv" workspace to determine the subject matter of
4  attorney-client privileged communications listed on Plaintiffs' privilege log.

5       57.   Upon information and belief, Boyle directed the Banc and its
6  employees to access and take Plaintiffs' confidential data and privileged
7  information.

8       58.   This was not the first time that Boyle misused his position within the
9  Banc to gain access to confidential and protected information that he had no
10 business reason or justification for seeing.  Upon information and belief, the Banc
11 discovered and reported to its general counsel and the Board of Directors that in
12 August 2016, Boyle (while serving as Chief Risk Officer for the Banc and before
13 his promotion to interim CEO) had wrongfully directed corporate security to
14 surreptitiously obtain a COR-affiliated consultant to the Banc's social security
15 number from the Banc's human resources department without authorization (and
16 therefore against Banc policy and privacy laws).  He also wrongfully directed
17 corporate security to investigate that consultant using this unlawfully obtained
18 private information.  When this breach of law was revealed, Boyle's misconduct
19 was criticized by management and reported to the Board of Directors.  Boyle was
20 then placed under internal investigation for potential discriminatory intent, breach
21 of policy, and breach of privacy laws.

22      59.   Nonetheless, upon information and belief, Boyle wielded his position
23 of authority within the Banc to direct its employees, including Olivia Lindsay, to
24 improperly access Plaintiffs' confidential data and privileged information in the
25 Account as an affront against CORSHI/COR Clearing.  Further, Boyle did this as
26 an indirect means, potentially, of attacking Mr. Sugarman and Mr. Salas in order to
27 prevent them or others from pressing legal claims related to the Board's coup and
28 the wrongdoing associated therewith.  These actions were done to seek information

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 13 -
nydocs1-1094396.1

1  that the Board of the Banc hoped would provide a *post hoc* justification for the
2  Banc's wrongful actions in severing Mr. Sugarman and other officers.

3  IV.   ONEHUB TERMINATES ALL ACCESS TO THE ACCOUNT

4        60.   On or about March 21, 2017, in response to letters received from
5  Plaintiffs' outside counsel putting OneHub on notice of what Plaintiffs believed to
6  be the Banc's improper access to their information in the Account, OneHub
7  terminated all of the Banc's access to the Account and implemented an account
8  freeze.

9        61.   OneHub informed Plaintiffs and the Banc of this termination and
10  account freeze by letter dated March 21, 2017.

11        62.   The unnecessary dispute caused by the Banc with Plaintiffs caused
12  OneHub to suspend and freeze all access to the Account entirely.

13        63.   OneHub did this because of the Banc's knowingly false and baseless
14  assertion that it was the owner of the Account, and because of Plaintiffs' proper
15  assertion that CORSHI and COR Clearing, via Steven Sugarman/COR Advisors,
16  LLC, are the owners of the Account, either beneficial or actual.

17  V.   PLAINTIFFS' ATTEMPTS AT RESTORATION OF THEIR DATA AND
18        INFORMATION AND INVESTIGATION OF THE BREACH

19        64.   Once Plaintiffs realized the Banc had accessed the Account and
20  removed data and information belonging to Plaintiffs, they immediately sought to
21  attempt to ascertain the magnitude of the breach and to take steps necessary to
22  mitigate their losses and damage.

23        65.   Those responsive actions include conducting damage assessments;
24  seeking to restore access to their data and information and ensuring that data and
25  information is in its proper, unaltered state, as it was prior to the unauthorized
26  access; coordinating with OneHub through counsel to restore access to their data
27  and information; responding directly to the Banc through counsel to seek the return
28  of their improperly accessed and removed data and information; seeking (but never

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**COMPLAINT**
nydocs1-1094396.1

1   receiving) clarification and explanations from the Banc as to precisely what
2   information the Banc took, what use it made of it, what efforts the Banc made to
3   preserve and safeguard the illicitly obtained information, and whether (and to
4   whom) the Banc transmitted Plaintiffs' information to, and paying counsel to assist
5   in these restoration attempts.

6      66.   Plaintiffs also sought an audit trail of its workspaces from OneHub.
7   That includes the names of documents in the workspaces which were accessed and
8   downloaded since on or about March 8, 2017, the identity of users from the Banc
9   who accessed those documents and data, and the time of the access.

10     67.   Plaintiffs additionally sought assistance from the Banc and McDonald
11  to determine what confidential, privileged, and/or proprietary data and information
12  belonging to Plaintiffs was improperly accessed and removed from the Account.
13  Both the Banc and McDonald declined to assist the investigation or to provide any
14  information in response to CORSHI/COR Clearing's requests for information and
15  assistance.

16     68.   In fact, McDonald and the Banc have taken steps to obstruct
17  Plaintiffs' investigation into the full extent of unauthorized access of its data and
18  information.  For example, McDonald did not participate in any of the exchanges
19  or attempts by OneHub to sort out access rights to information in the Account.

20     69.   Only after being confronted with Plaintiffs' knowledge of the data
21  theft, did McDonald inform Plaintiffs and OneHub by email dated March 30, 2017,
22  that "any material that was downloaded and then determined not to be a Bank
23  document was destroyed, with no copies retained."  This assertion, unsupported by
24  any employee of the Banc, is implausible and at odds with both the practices and
25  the regulatory requirements of data retention applicable to bank institutions.  Aside
26  from normal document retention and destruction policies, electronically stored
27  information, once it enters the systems of regulated entities such as the Banc, can
28  almost never be legally scrubbed from the Banc's systems.  Plaintiffs allege that

- 15 -

nydocs1-1094396.1

1  this assertion, designed to deflect further inquiry and likely false, is another act

2  committed in furtherance of the conspiracy by Defendants.

3      70.    Because of McDonald's obstructive behavior, Plaintiffs must

4  undertake greater time and expend more resources to investigate and resolve the

5  unauthorized access by the Banc and its employees to their confidential, privileged,

6  and/or proprietary data and information in the Account.

7      71.    Plaintiffs' investigative and responsive actions have caused Plaintiffs

8  to incur costs and damages separate from and in addition to the harm caused to

9  Plaintiffs by the Banc's access to its confidential and privileged information.

10     72.    Plaintiffs' restorative actions, investigation, and costs are ongoing.

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 16 -
**COMPLAINT**

nydocs1-1094396.1

## FIRST CLAIM FOR RELIEF FOR VIOLATION OF THE

## COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030(g)

### (Against Banc of California)

73.    Plaintiffs hereby incorporate paragraphs 1 through 72 as though set forth fully herein.

74.    Defendant Banc of California, by and through its agents, accessed a protected computer system containing confidential, privileged, and/or proprietary information belonging to Plaintiffs.

75.    That protected computer system—that is, Plaintiffs' OneHub Account--belongs to Plaintiffs by virtue of the relationship entered into with OneHub by Mr. Sugarman as Chairman of CORSHI and for the use of him in his service to CORSHI and COR Clearing and as Managing Member of COR Advisors, LLC, agent for CORSHI and COR Clearing.

76.    The Banc's access of Plaintiffs' OneHub Account was knowing and intentional.  Indeed, the Banc and its employees selectively chose which of Plaintiffs' confidential data and information to improperly remove from the Account.

77.    The Banc had no authority to obtain access to Plaintiffs' information on the computer system.

78.    Because of the Banc's intentional and unauthorized access, OneHub, the computer system's host, shut down Plaintiffs' access to its computer system, and, thus, Plaintiffs were unable to access their proprietary information.

79.    Plaintiffs have been harmed as a result of the Banc's unauthorized access and have incurred costs in responding to the Banc's actions, as set forth above, including, but not limited to, conducting damage assessments; coordinating with OneHub through counsel to restore access to their data and information, so that they may review the status of the data and information; responding directly to the Banc through counsel to seek the return of their improperly accessed and

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 17 -

**COMPLAINT**

1    removed data and information; and paying counsel to assist in these restoration

2    attempts.

3        80.    Despite these efforts, Plaintiffs are still undertaking investigations as

4    to the unauthorized access of its data and information and the costs are mounting

5    and ongoing, due to Defendants' intransigence and refusal to cooperate.

6        81.    The Banc has refused to assist Plaintiffs in recovering the confidential

7    data and proprietary and privileged information, and has instead resisted Plaintiffs'

8    requests for assistance.

9        82.    Thus, Plaintiffs are still incurring costs in responding to the Banc's

10   action, and have been left with no option but to resort to litigation.

11       83.    As a result of these costs, Plaintiffs have been damaged in an amount

12   still being assessed and to be determined at trial, but in any event in an amount

13   exceeding $5,000.00.

14   **SECOND CLAIM FOR RELIEF FOR VIOLATION OF THE CALIFORNIA**

15   **COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT**

16   **CAL. PEN. CODE § 502(e)**

17   **(Against Banc of California)**

18       84.    Plaintiffs hereby incorporate paragraphs 1 through 83 as though set

19   forth fully herein.

20       85.    The Banc, by and through its employees, accessed, deleted, destroyed,

21   and used data and a computer system or computer network belonging to Plaintiffs.

22       86.    The Banc's access, deletion, destruction, and use were done

23   knowingly and willfully, and without permission.

24       87.    The Banc's access, deletion, destruction, and use of Plaintiffs'

25   confidential, privileged, and/or proprietary information and data were done as part

26   of a scheme to defraud Plaintiffs and to wrongfully control and obtain Plaintiffs'

27   confidential, privileged, and/or proprietary data from the Account in violation of

28   Cal. Pen. Code § 502(c)(1) in an amount to be determined at trial.

**Anderson Kill California L.L.P.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 18 -
**COMPLAINT**

88.     The Banc and its employees also knowingly and willfully accessed and, without Plaintiffs' authorization, took and made use of Plaintiffs' data from its OneHub Account in violation of Cal. Pen. Code § 502(c)(2) in an amount to be determined at trial.

89.     Additionally, the Banc and its employees knowingly and willfully, and without Plaintiffs' permission, used Plaintiffs' OneHub Account in violation of Cal. Pen. Code § 502(c)(3) in an amount to be determined at trial.

90.     Further, the Banc and its employees knowingly and willfully, and without Plaintiffs' permission, altered, damaged, deleted, and/or destroyed Plaintiffs' confidential, privileged, and/or proprietary data, which resided in Plaintiffs' OneHub Account, in violation of Cal. Pen. Code § 502(c)(4) in an amount to be determined at trial.

91.     The Banc and its employees also knowingly and willfully, and without Plaintiffs' permission, accessed and/or caused to be accessed Plaintiffs' OneHub Account, in violation of Cal. Pen. Code § 502(c)(7) in an amount to be determined at trial.

92.     Plaintiffs have been damaged and seek an award in an amount to be proven at trial, including reasonable attorneys' fees and expenses as set forth in the statute.

### THIRD CLAIM FOR RELIEF FOR VIOLATION OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT CAL. PEN. CODE § 502(e)

#### (Against Hugh F. Boyle)

93.     Plaintiffs hereby incorporate paragraphs 1 through 92 as though set forth fully herein.

94.     Boyle, intentionally, knowingly, willfully, and maliciously, used his position of authority within the Banc and, without Plaintiffs' permission, caused or was responsible for Plaintiffs' confidential, privileged, and/or proprietary

- 19 -

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1  information in Plaintiffs' OneHub Account to be accessed by the Banc and its

2  employees in violation of Cal. Pen. Code § 502(c)(7) in an amount to be

3  determined at trial.

4      95.   Plaintiffs have been damaged and seek an award in an amount to be

5  proven at trial, including reasonable attorneys' fees and expenses as set forth in the

6  statute.

7  **FOURTH CLAIM FOR RELIEF FOR AIDING AND ABETTING**

8  **VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT AND THE**

9  **CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND**

10  **FRAUD ACT**

11  **(Against Hugh F. Boyle)**

12      96.   Plaintiffs hereby incorporate paragraphs 1 through 95 as though set

13  forth fully herein.

14      97.   Boyle was aware of and knowingly assisted the Banc in obtaining

15  unauthorized access to Plaintiffs' OneHub Account.

16      98.   Because of Boyle's knowing and intentional assistance, the Banc and

17  its employees knowingly and intentionally, and without Plaintiffs' authorization,

18  accessed, used, removed, damaged, destroyed Plaintiffs' confidential, privileged,

19  and/or proprietary information on their OneHub Account, and caused and are

20  causing harm to Plaintiffs in violation of 18 U.S.C. § 1030 in an amount to be

21  determined at trial, and in an amount higher than $5,000.00.

22      99.   Further, because of Boyle's knowing and intentional assistance, the

23  Banc and its employees knowingly and intentionally, and without Plaintiffs'

24  authorization, accessed, used, removed, damaged, destroyed Plaintiffs'

25  confidential, privileged, and/or proprietary information on their OneHub Account,

26  and caused harm to Plaintiffs in violation of Cal. Pen. Code §§ 502(c)(1),

27  502(c)(2), 502(c)(3), and 502(c)(4) in an amount to be determined at trial.

28      100.  Plaintiffs have been damaged and seek an award in an amount to be

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**COMPLAINT**

nydocs1-1094396.1

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

proven at trial, including reasonable attorneys' fees and expenses as set forth in the statute.

## FIFTH CLAIM FOR RELIEF FOR FRAUD

### (Against Banc of California and Hugh F. Boyle)

101.   Plaintiffs hereby incorporate paragraphs 1 through 100 as though set forth fully herein.

102.   The Banc and Boyle intentionally and knowingly, directly and by and through McDonald, made misrepresentations of fact to OneHub, as set forth in detail above.

103.   The Banc and Boyle made those misrepresentations of fact with the intention of causing harm to Plaintiffs by accessing Plaintiffs' confidential, privileged, and/or proprietary information in their OneHub Account.

104.   OneHub, custodian of Plaintiffs' Account, relied on those misrepresentations of fact and granted the Banc access to Plaintiffs' OneHub Account and all the workspaces contained therein.

105.   Upon information and belief, OneHub did not know those misrepresentations were untrue.

106.   As a direct result of the Banc's and Boyle's fraudulent actions, the Banc gained access to Plaintiffs' Account, and Plaintiffs were harmed in an amount to be determined at trial.

107.   Plaintiffs have been damaged and seek an award in an amount to be proven at trial.

**COMPLAINT**
nydocs1-1094396.1

1

**PRAYER FOR RELIEF**

WHEREFORE, COR SECURITIES HOLDING INC. and COR CLEARING LLC pray for judgment as follows:

1.    For the First Claim for Relief, an award of costs and damages incurred as authorized pursuant to 18 U.S.C. § 1030 in an amount to be fully determined at trial;

2.    For the Second and Third Claims for Relief, an award of costs and damages, including but not limited to reasonable attorneys' fees and expenses as authorized pursuant to California Penal Code § 502, in an amount to be fully determined at trial;

3.    For the Fourth Claim for Relief, an award to Plaintiffs of costs and damages in violation of 18 U.S.C. § 1030 in an amount to be determined at trial, and in an amount higher than $5,000.00 and an award pursuant to Cal. Pen. Code §§ 502(c)(1), 502(c)(2), 502(c)(3), and 502(c)(4) in an amount to be determined at trial for costs and damages, including but not limited to reasonable attorneys' fees and expenses as authorized;

4.    For the Fifth Claim for Relief, an award to Plaintiffs in an amount of damages to be determined at trial; For compensatory, punitive, and exemplary damages in an amount to be determined at trial;

5.    For injunctive relief to ensure that any of Plaintiffs' confidential information contained within the systems or records of the Banc or any Defendant not be shared further with any other person or entity;

6.    For the establishment of a constructive trust or some other equivalent method to assure that any of Plaintiffs' confidential

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 22 -

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

information contained within the systems or records of the

Banc or any Defendant be held in trust for Plaintiffs or be

segregated in some secure and safe manner such that the

information cannot be accessed by any Banc employee or

defendant nor shared further with any other person or entity;

7.  For attorneys' fees incurred in bringing this action;

8.  For costs of suit incurred herein; and,

9.  For such other and further relief as the Court may deem just
    and proper.

DATED:  August 15, 2017              ANDERSON KILL CALIFORNIA L.L.P.


                                By:   /s/ *Bridget B. Hirsch*
                                      Bridget B. Hirsch

                                Attorneys for Plaintiffs COR SECURITIES
                                HOLDING INC. and COR CLEARING
                                LLC

nydocs1-1094396.1

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs COR Securities Holding Inc., and COR Clearing LLC hereby

3   demand a trial by jury for all issues triable by a jury pursuant to the Federal Rules

4   of Civil Procedure, Rule 38, and the Local Rule of Court.

5

6   DATED:  August 15, 2017                ANDERSON KILL CALIFORNIA L.L.P.

7

8                                                    By:     /s/ *Bridget B. Hirsch*
                                                               Bridget B. Hirsch
9

10                                                   Attorneys for Plaintiffs COR SECURITIES
                                                     HOLDING INC. and COR CLEARING
11                                                   LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 24 -
**COMPLAINT**

nydocs1-1094396.1

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071