1  Bridget B. Hirsch, State Bar No. 257015
   bhirsch@andersonkill.com
2  ANDERSON KILL CALIFORNIA L.L.P.
3  Wells Fargo Plaza
   355 South Grand Avenue, Suite 2450
4  Los Angeles, CA 90071
5  Tel:   (213) 943-1444
   Fax:   (212) 278-1733
6

7  Jeremy E. Deutsch (Admitted Pro Hac Vice)
   jdeutsch@andersonkill.com
8  Ethan W. Middlebrooks (Admitted Pro Hac Vice)
9  emiddlebrooks@andersonkill.com
   ANDERSON KILL P.C.
10 1251 Avenue of the Americas
11 New York, NY 10020
   Tel.:   (212) 278-1000
12 Fax:   (212) 278-1733
13

14 Attorneys for Plaintiffs
   COR Securities Holdings Inc. and COR Clearing LLC

15           UNITED STATES DISTRICT COURT
16           CENTRAL DISTRICT OF CALIFORNIA

17 | COR SECURITIES HOLDINGS INC., )   **Civil Action No. 8:17-cv-01403-DOC**
   a Delaware Corporation; and COR   )   **(JCGx)**
18 CLEARING LLC, a Delaware limited  )
19 liability company,                )   **MEMORANDUM OF LAW IN**
                                      )   **SUPPORT OF MOTION TO**
20              Plaintiffs,           )   **DISQUALIFY COUNSEL FOR**
                                      )   **DEFENDANT BANC OF**
21                                    )   **CALIFORNIA, N.A.**
   vs.                                )
22                                    )
23 BANC OF CALIFORNIA, N.A., a        )   Hearing Date: November 13, 2017
   nationally chartered bank under the )   Time: 8:30 a.m.
24 laws of California; HUGH F. BOYLE, )   Judge: Hon. David O. Carter
   an individual; and DOES 1-10,      )   Courtroom: 9D
25                                    )
26              Defendants.           )   Complaint Filed: August 15, 2017
                                      )   Trial Date: Not Assigned
27 _____ )
28

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1096810.1

**TABLE OF CONTENTS**

Page

I.  Introduction and Brief Summary ........................................................................ 1

II.  Relevant Facts ................................................................................................... 2

III.  Argument ........................................................................................................... 5

    A.  The Witness-Advocate Rule Prohibits McDonald/MoFo from Appearing as Counsel for the Banc in This Action ...................... 5

    B.  McDonald and MoFo Cannot Appear As Counsel for the Banc Because They Must Have Seen or Possess Plaintiffs' Privileged, Confidential, and/or Proprietary Communications and Documents ........................................................... 8

IV.  Conclusion ....................................................................................................... 10

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

(i)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1096810.1

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**CASES**

*Clark v. Superior Court,*
196 Cal. App. 4th 37 (Cal. Ct. App. 2011)..............................................9, 10

*Colby v. Newman,*
No. 11-cv-7413, 2012 U.S. Dist. LEXIS 195930 (C.D. Cal. Oct. 5, 2012).........7

*DP Pham LLC v. Cheadle,*
246 Cal. App. 4th 653 (Cal. Ct. App. 2016).............................................10

*Kennedy v. Eldridge,*
201 Cal. App. 4th 1197 (Cal. Ct. App. 2011)............................................6

*Loustalet v. Refco, Inc.,*
154 F.R.D. 243 (C.D. Cal. 1993).........................................................5

*People v. Donaldson,*
93 Cal. App. 4th 916 (Cal. Ct. App. 2001)...............................................6

*Real Estate Training Int'l, LLC v. Nick Vertucci Cos., Inc.,*
124 F. Supp. 3d 1005, 1006-7 (C.D. Cal. 2015) ..........................................6

*Ultimate Fitness Ctr., LLC v. Wilson,*
No. , 2016 U.S. Dist. LEXIS 161253 (S.D. Cal. 2016)....................................6

*United States ex rel. Hartpence v. Kinetic Concepts, Inc.,*
No. 08-cv-1885/08-cv-6403, 2013 U.S. Dist. LEXIS 74833 (C.D. Cal.
May 20, 2013)..........................................................................9

*Yagman v. Galipo,*
No. 12-cv-7908, 2014 U.S. Dist. LEXIS 81041 (C.D. Cal. June 3, 2014) ..........5

**OTHER AUTHORITIES**

American Bar Association ................................................................6

California Rule of Professional Conduct 5-210 ........................................5, 6

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1096810.1

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1  | **I.     INTRODUCTION AND BRIEF SUMMARY**

2       Plaintiffs COR SECURITIES HOLDINGS INC. ("CORSHI") and COR

3  CLEARING LLC ("COR Clearing") bring this motion to disqualify Mark R.

4  McDonald, Esq., David F. McDowell, Esq., and the law firm of Morrison &

5  Foerster L.L.P. ("MoFo") from representing Defendant BANC OF CALIFORNIA,

6  N.A. (the "Banc") in this action.

7       This case involves the unauthorized removal of Plaintiffs' privileged,

8  confidential, and/or proprietary communications, documents, and information from

9  Plaintiffs' secure online portal (a OneHub account) by the Banc.  McDonald made

10  false representations to OneHub to induce OneHub to grant the Banc, his client,

11  access to Plaintiffs' account.  Either McDonald made knowingly false

12  representations to OneHub or he accepted the misrepresentations made to him by

13  the Banc – either way, McDonald's testimony may be required to impeach the

14  credibility of his own client and testify in a manner adverse to his client.

15  McDonald and MoFo's representation of the Banc is palpably improper and cannot

16  be cured by "informed consent".  McDonald and MoFo also assisted the Banc in

17  attempting to cover up their activities by representing to Plaintiffs that the Banc

18  destroyed all of Plaintiffs' information in its possession.

19       As is alleged in the Complaint[1], McDonald and MoFo actively participated

20  in the Banc's fraudulent scheme against Plaintiffs.  As set forth in the supporting

21  Declaration of Jeremy E. Deutsch, dated September 29, 2017, McDonald and

22  MoFo are also counsel with respect to an ongoing Securities and Exchange

23  Commission ("SEC") investigation concerning the Banc's activities during the

24  time frame at issue here.  As a result of McDonald's role in the fraud committed

25  against the Plaintiffs and as a result of his and his firm's role in the SEC

26

27  _____

[1] Plaintiffs respectfully refer the Court to the Complaint for details of the facts alleged thus far in
28  this matter. Citations in the form of "ECF. 1 at ¶ __" are citations to the Complaint.

- 1 -
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1096810.1

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1 investigation, McDonald must have, at minimum, seen the documents and

2 information the Banc obtained as a result of his and MoFo's actions.  Therefore,

3 (1) McDonald and MoFo are necessary witnesses to the matters complained of by

4 Plaintiffs; and, (2) Plaintiffs believe that MoFo must have viewed and may have in

5 its possession privileged communications and confidential and proprietary

6 documents belonging to Plaintiffs.  Finally, Plaintiffs will during this litigation

7 seek production of privileged information from the Banc and MoFo in discovery

8 under the crime-fraud exception to the attorney-client privilege.  Accordingly, for

9 the following reasons, Plaintiffs request that this Court grant Plaintiffs' Motion To

10 Disqualify.

11 **II.    RELEVANT FACTS**

12         As alleged in the Complaint, McDonald and MoFo made false statements of

13 material fact to OneHub and either did so with knowledge of their falsity or

14 recklessly.  As a result of those representations, OneHub granted the Banc access

15 to Plaintiffs' account at OneHub while simultaneously freezing Plaintiffs' access to

16 the account.  The Banc, and Plaintiffs believe MoFo, were then granted access to

17 thousands of pages of Plaintiffs' attorney-client privileged materials, among other

18 confidential information.

19 MoFo's Representations

20         On January 23, 2017, the Banc issued a press release announcing that it was

21 the subject of an investigation by the SEC.  (Deutsch Dec. at Exhibit A).

22         McDonald sent OneHub a letter dated March 7, 2017, on MoFo letterhead,

23 which contained unqualified misrepresentations of material facts—"Banc of

24 California has maintained an account with OneHub to host Banc of California

25 documents."  (ECF. 1 at ¶¶ 40-43; ECF. 1-2).  The letter contained additional false

26 statements such as the claim that Steven Sugarman, Chairman and CEO of

27 CORSHI and former Chairman of the Banc, had "removed OneHub access from all

28

- 2 -
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1096810.1

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1  Banc of California employees." (ECF. 1 at ¶ 42; ECF. 1-2).  And, the letter falsely

2  set forth that Olivia Lindsay, Senior Vice President of Risk Operations at the Banc,

3  was "[t]he new owner of the account." (ECF. 1 at ¶ 43; ECF. 1-2).  Sugarman was

4  not copied on that letter.

5  OneHub then relied upon the misrepresentations of material fact in

6  McDonald's letter and granted Olivia Lindsay, and therefore the Banc, full access

7  to the Account.  (ECF. 1 at ¶ 46).

8  Olivia Lindsay and the Banc thereafter selectively removed Plaintiffs'

9  privileged, confidential and/or proprietary communications and documents from

10 the workspaces in the OneHub Account on or around March 13, 2017, including

11 the privileged communications and documents in the "A/C Priv" workspace.  (*Id.*

12 at ¶¶ 48-54, 56).

13 The Attempted Cover Up

14 Once Plaintiffs learned of the improper access and removal of their

15 privileged, proprietary and/or confidential communications and documents from

16 the OneHub Account, they immediately informed OneHub (which then terminated

17 all access to the Account) and began investigating the incident, and taking steps to

18 mitigate their losses.  (ECF. 1 at ¶¶ 60-61, 64).  That investigation and mitigation

19 included seeking assistance from the Banc and McDonald to determine what

20 confidential, privileged, and/or proprietary communications and documents

21 belonging to Plaintiffs were improperly accessed and removed.  (*Id.* at ¶ 67).

22 McDonald and the Banc declined to assist the investigation or to provide any

23 information in response to Plaintiffs' requests for information and assistance.  (*Id.*

24 at ¶¶ 67-68).  In fact, McDonald would not participate in any of the exchanges or

25 attempts by OneHub to sort out access rights to information in the Account.  (*Id.*).

26 After McDonald was confronted with Plaintiffs' knowledge of the data theft,

27 by email dated March 30, 2017, McDonald stated to Plaintiffs and OneHub that

28

- 3 -
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1   "any material that was downloaded and then determined not to be a Bank

2   document was destroyed, with no copies retained." (ECF. 1 at ¶ 69).  This is not

3   credible given the regulatory data and document retention obligations imposed on

4   the Banc, a federally chartered lending institution.  It is also incredible that the

5   Banc, and MoFo, would destroy documents given that the Banc received a

6   subpoena from the Securities and Exchange Commission in January in connection

7   with an investigation of the Banc and its disclosures.  (Deutsch Dec. at ¶¶ 11-12

8   and Exhibit A).  As Plaintiffs understand, MoFo is counsel for the Banc in relation

9   to that investigation.  (Deutsch Dec. at ¶ 10).  McDonald has even attempted to

10  observe SEC interviews of Banc employees.  (Deutsch Dec. at ¶ 13).  MoFo and

11  McDonald are therefore intimately acquainted with the scope and significance of

12  the SEC investigation.  It is thus beyond credulity that either the Banc or MoFo

13  deleted documents in the middle of an SEC investigation.  It is quite likely, and

14  consistent with McDonald's professional responsibilities to a client undergoing a

15  federal investigation, that McDonald and other attorneys and employees at MoFo

16  reviewed Plaintiffs' privileged, confidential, and/or proprietary data and

17  information, and may still have it in their possession in part or in whole, despite

18  their unsupported protestations to the contrary.  And having reviewed this material,

19  it would not be possible to remove their knowledge of it.

20       Because of McDonald's role in and participation in the Banc's fraudulent

21  scheme, performed at the same time that he was representing the Banc in

22  connection with the SEC investigation, it is clear that he will be a necessary

23  witness to this action, and Plaintiffs will need to depose him and seek his testimony

24  at trial.  Further, Plaintiffs will seek discovery pertaining to the Banc's scheme and

25  McDonald and MoFo's role in it from McDonald and MoFo.  The crime-fraud

26  exception to the attorney-client privilege is applicable in this case.

27

28

- 4 -

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

III.   **ARGUMENT**

It is improper for McDonald and MoFo to appear as counsel for the Banc in this action: (1) pursuant to the witness-advocate rule, especially given that MoFo will have to testify in this matter and in ways possibly contrary to the interests of its client; and, (2) the likelihood that MoFo attorneys have in their possession or have reviewed Plaintiffs' privileged, confidential and/or proprietary communications and information.  Further, the crime-fraud exception to the Banc's attorney-client privilege with MoFo will likely apply in this case, thus making MoFo's continued representation of the Banc even that much more inappropriate.[2]

**A.     The Witness-Advocate Rule Prohibits McDonald/MoFo from Appearing as Counsel for the Banc in This Action**

McDonald and MoFo will be necessary witnesses in this case during discovery and at trial.  Accordingly, neither should be permitted to continue to serve as counsel for the Banc.

California Rule of Professional Conduct 5-210 provides that "[a] member shall not act as an advocate before a jury which will hear testimony from the member."  Although Rule 5-210 allows for an exception when "[t]he member has the informed, written consent of the client," Cal. R. Prof. Conduct 5-210(C), the Court has the ultimate discretion to determine whether disqualification is merited. *Yagman v. Galipo*, No. 12-cv-7908, 2014 U.S. Dist. LEXIS 81041, at *6 (C.D. Cal. June 3, 2014).

In weighing whether to disqualify counsel, state appellate courts in

---

[2] The crime-fraud exception to the Banc's attorney-client privilege with MoFo provides an additional reason to disqualify MoFo as counsel for the Banc. *Loustalet v. Refco, Inc.*, 154 F.R.D. 243, 245 (C.D. Cal. 1993).  Plaintiffs will be seeking discovery of certain communications and documents between McDonald, any other MoFo attorneys, and the Banc related to the fraud against Plaintiffs.  Because MoFo will likely have to produce discovery relating to this case and its attorneys will have to testify about the same, the interests of maintaining the integrity of the legal system as set forth below compel MoFo's disqualification at the start of this action.

- 5 -

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

nydocs1-1096810.1

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1  California have looked to American Bar Association ("ABA") Model Rules of

2  Professional Conduct and their comments, among other things beyond the strict

3  language of Rule 5-210. *See Kennedy v. Eldridge*, 201 Cal. App. 4th 1197, 1208

4  (Cal. Ct. App. 2011); *People v. Donaldson*, 93 Cal. App. 4th 916, 927-28 (Cal. Ct.

5  App. 2001). Pursuant to Ninth Circuit directive, a federal district court must defer

6  to the California Court of Appeal's interpretation of California law unless the

7  district court is convinced that the California Supreme Court would decide the

8  matter differently (and there is no indication that the California Supreme Court has

9  done so).[3] *Felarca*, 2016 U.S. Dist. LEXIS 13104, at *7 n.2. As those Court of

10  Appeal's decisions determined, "[a]n advocate who becomes a witness is in the

11  unseemly and ineffective positions of arguing his own credibility." *Kennedy*, 201

12  Cal. App. 4th at 1209. Indeed, "[t]he roles of an advocate and of a witness are

13  inconsistent; the function of an advocate is to advance or argue the cause of

14  another, while that of a witness is to state facts objectively." *Id.*

15      Indeed, "the roles of advocate and witness are entirely irreconcilable and

16  should not be undertaken by a single individual." *Kennedy*, 201 Cal. App. 4th at

17  1210. Here, the Court should determine that McDonald and MoFo must be

18  disqualified. This problem seems even more heightened here where the attorneys

19  may have to give testimony about the supposed destruction of documents during an

20

21  [3] For this reason, and the other facts in the present case as set forth in this motion, this Court
should not follow the decision in *Real Estate Training Int'l, LLC v. Nick Vertucci Cos., Inc.*, 124
22  F. Supp. 3d 1005, 1006-7 (C.D. Cal. 2015), which simply stopped its analysis at a determination
that the client gave its written, informed consent to representation by an attorney who would also
23  be a necessary witness. That case made no analysis concerning what the California Court of
Appeals have determined in looking at the ABA Model Rules and comments. And, other factors
24  such as the attorney's actual participation in the underlying events in dispute, their likely
misrepresentations in connection with the supposed destruction of documents during an active
25  SEC investigation, likely sight and possession of an adversary's privileged information, and the
invoked crime-fraud exception were not present. *See id.* This Court likewise should disregard
26  *Ultimate Fitness Ctr., LLC v. Wilson*, No. , 2016 U.S. Dist. LEXIS 161253, at *18-19 (S.D. Cal.
2016), which based its analysis on *Real Estate Training* with no analysis of California state court
27  decisions interpreting Rule 5-210, for the same reasons.

28

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

active SEC investigation in which they are still counsel.  The cognitive dissonance between the positions that McDonald/MoFo will have to take is not reconcilable and may be contrary to the interests of their client.  That conflict does not seem susceptible to waiver.

Preliminarily, to determine whether disqualification is appropriate, McDonald's and MoFo's testimony must be shown as "necessary." *Colby v. Newman*, No. 11-cv-7413, 2012 U.S. Dist. LEXIS 195930, at *14 (C.D. Cal. Oct. 5, 2012).  To make that determination the Court must evaluate "the significance of the matters to which he might testify, the weight his testimony might have in resolving such matters, and the availability of other witnesses or documentary evidence by which these matters may be independently established." *Id.*  The subject of the testimony will be significant, as the testimony pertains to the Banc's fraud and unauthorized access to and removal of Plaintiffs' privileged, confidential, and/or proprietary information and McDonald's and MoFo's knowledge.  Their testimony will also be required with respect to the supposed destruction of the Plaintiffs' materials; a particularly sensitive topic given the open SEC investigation at the time such destruction is claimed to have been performed.

Because McDonald (and MoFo) is a necessary witness he cannot serve as counsel for the Banc.  Were he to continue as counsel for the Banc, "[i]t may not be clear whether a statement by [McDonald] should be taken as proof or as an analysis of the proof." *Felarca*, 2016 U.S. Dist. LEXIS 13104, at *6.  The interconnected entanglements of McDonald's role as a witness and advocate may create the "appearance of impropriety and undermine the integrity of the judicial system." *Id.*  That appearance and integrity go to "institutional concern[s] implicating the basic foundations of our system of justice." *Id.*  The risk is present from the start of this case.  It is heightened given McDonald and MoFo's roles in the SEC investigation.  These proceedings and the filings in this action are public.

- 7 -
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1   That public exposure includes the ability of non-litigants to scrutinize this matter

2   and determine that an advocate is a necessary witness to the case.  Trust in the

3   judicial system is very much at risk.

4          Further—and significantly—there has been no showing of informed, written

5   consent by the Banc (assuming such is even capable of being given under these

6   circumstances).  The Banc was put on notice of Plaintiffs' intention to move to

7   disqualify MoFo if it appeared when counsel for the Banc conferred with

8   Plaintiffs' counsel prior to filing the Stipulation To Extend Time To Respond To

9   Initial Complaint By Not More Than 30 Days (ECF. 16).  (*See* Deutsch Dec. at ¶

10   5).  MoFo was then directly put on notice of Plaintiffs' intention to move to

11   disqualify it when counsel for the parties conferred prior to this motion after

12   McDowell and McDonald appeared.  (*See* Deutsch Dec. at ¶¶ 4, 6-7).

13   Nevertheless, neither the Banc nor MoFo have shown informed, written consent

14   that McDonald and MoFo may continue as counsel of record despite the

15   implication of the advocate-witness rule.

16          Accordingly, and for the additional below reasons, this Court should

17   exercise its discretion and find that McDonald and MoFo must be disqualified.

18          **B.      McDonald and MoFo Cannot Appear As Counsel for the Banc**

19          **Because They Must Have Seen or Possess Plaintiffs' Privileged,**
            **Confidential, and/or Proprietary Communications and**

20          **Documents**

21          McDonald and MoFo should both be disqualified for another reason: the

22   strong likelihood that they have seen and possessed or still possess knowledge of

23   Plaintiffs' privileged, confidential, and/or proprietary communications and

24   documents or at minimum have been consulted with respect to Plaintiffs'

25   privileged materials, a virtual certainty given their role in the SEC investigation.

26          Courts in California have determined that when counsel for an opposing

27   party have reviewed the other party's privileged materials, then "disqualification is

28

- 8 -

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1096810.1

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1  proper as a prophylactic measure to prevent prejudice to the opposing party from

2  information that the attorney should not have possessed." *Clark v. Superior Court*,

3  196 Cal. App. 4th 37, 55 (Cal. Ct. App. 2011) (citing *Chronometrics, Inc. v.*

4  *Sysgen, Inc.*, 110 Cal. App. 3d 597, 607-08 (1980); *Gregori v. Bank of Am.*, 207

5  Cal. App. 3d 291, 308-09 (1989)).  Attorneys who receive materials that appear to

6  be subject to the attorney-client privilege should refrain from examining them,

7  notify the counsel for the party holding that privilege, and abide the instructions of

8  that lawyer. *United States ex rel. Hartpence v. Kinetic Concepts, Inc.*, No. 08-cv-

9  1885/08-cv-6403, 2013 U.S. Dist. LEXIS 74833, at *4 (C.D. Cal. May 20, 2013)

10  (citing *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001)).

11      In this case, not only were Plaintiffs' materials improperly taken from a

12  folder named "A/C Priv," certain of those materials were emails with subject lines

13  with a variation of the term "Attorney Client Privileged".  That they were

14  privileged should have been obvious.[4]  The Banc and its counsel were aware of the

15  identity of Plaintiffs' attorneys—indeed, McDonald had communicated with

16  counsel for Plaintiffs regarding the removal of Plaintiffs' privileged and

17  confidential information from the OneHub Account.  Instead of notifying

18  Plaintiffs' counsel and awaiting for and abiding by the instructions of counsel,

19  McDonald stated that Plaintiffs' privileged and confidential communications and

20  documents were (improbably) destroyed.  As noted above, it is extremely difficult

21  for a bank—a highly regulated entity—to scrub electronically stored information

22  from its systems.  This supposed scrubbing is even more unlikely given the open

23  investigation by the SEC.  And it defies reason to suggest that McDonald did not

24  see Plaintiffs' privileged information before making any statements attesting to its

25

26  _____

27  [4] MoFo will likely contend that no one at the firm has seen or had access to any of the data on OneHub.  That contention, given the Banc's regulatory obligations, obligations to comply with

28  the SEC investigation and subpoena, and MoFo's role as Banc's counsel, strains credulity.

- 9 -

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1096810.1

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071

1   alleged destruction, particularly when McDonald's letter to OneHub on behalf of

2   the Banc, and his subsequent actions, are a cause of the unauthorized removal of

3   Plaintiffs' privileged and confidential information from OneHub and obstruction of

4   investigation of the same.

5       In any event, if McDonald's assertion that Plaintiffs' materials were

6   destroyed were true, then Plaintiffs have already been prejudiced in their efforts to

7   investigate and remedy the breach of their OneHub Account by the Banc.  That

8   goes to the heart of Plaintiffs' damages.

9       This motion is not made for strategic reasons and disqualification of MoFo

10  at this early stage of the litigation should not greatly burden the Banc.  No answer

11  to the Complaint has been filed.  Moving to disqualify MoFo at this early stage of

12  the litigation is to fulfill the prophylactic nature of disqualification.  *See Clark*, 196

13  Cal. App. 4th at 54-55.

14      When ruling on a disqualification motion, the Court's "paramount concern

15  must be to preserve public trust in the scrupulous administration of justice and the

16  integrity of the bar.  The important right to counsel of one's choice must yield to

17  ethical considerations that affect the fundamental principles of our judicial

18  process." *DP Pham LLC v. Cheadle*, 246 Cal. App. 4th 653, 676 (Cal. Ct. App.

19  2016) (citations omitted).  MoFo's attorneys had an obligation to seek to remedy

20  the acquisition of Plaintiffs' privileged materials in accordance with the

21  instructions of Plaintiffs' counsel.  Their failure to do so, and the great risk to

22  Plaintiffs that their privileged information may be used such that further harm

23  results demonstrate that the principles of the judicial process require the

24  disqualification of MoFo as counsel for the Banc.

25  **IV.    CONCLUSION**

26      For all of the foregoing reasons, Plaintiffs respectfully request that the Court

27  grant their motion to disqualify MoFo, McDonald, and McDowell as counsel for

28

- 10 -

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

1   the Banc, and any further relief the Court finds to be just and necessary.

2

3   DATED: September 29, 2017          ANDERSON KILL CALIFORNIA L.L.P.
                                        ANDERSON KILL P.C.
4

5
                                        By:   /s/ *Jeremy E. Deutsch*
6                                             Bridget B. Hirsch
                                              Jeremy E. Deutsch
7                                             Ethan W. Middlebrooks

8
                                        Attorneys for Plaintiffs COR SECURITIES
9                                       HOLDING INC. and COR CLEARING
10                                      LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 11 -
                 **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1096810.1