Bridget B. Hirsch, State Bar No. 257015
bhirsch@andersonkill.com
ANDERSON KILL CALIFORNIA L.L.P.
Wells Fargo Plaza
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel:  (213) 943-1444
Fax:  (212) 278-1733

Jeremy E. Deutsch (Admitted Pro Hac Vice)
jdeutsch@andersonkill.com
Ethan W. Middlebrooks (Admitted Pro Hac Vice)
emiddlebrooks@andersonkill.com
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel.:  (212) 278-1000
Fax:  (212) 278-1733

Attorneys for Plaintiffs
COR Securities Holdings Inc. and COR Clearing LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COR SECURITIES HOLDINGS INC., a Delaware Corporation; and COR CLEARING LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>BANC OF CALIFORNIA, N.A., a nationally chartered bank under the laws of California; HUGH F. BOYLE, an individual; and DOES 1-10,<br><br>Defendants. | Civil Action No. 8:17-cv-01403-DOC (JCGx)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISQUALIFY COUNSEL FOR DEFENDANT BANC OF CALIFORNIA, N.A.**<br><br>Hearing Date: November 13, 2017<br>Time: 8:30 a.m.<br>Judge: Hon. David O. Carter<br>Courtroom: 9D<br><br>Complaint Filed: August 15, 2017 |

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................ 1

II.  ARGUMENT ..................................................................................................... 3

    A.   MoFo's Involvement As Banc Counsel in the SEC Investigation of Banc, and MoFo's Admitted Allowance of the Destruction of Plaintiffs' Privileged, Confidential, and Proprietary Materials During That Investigation Belie MoFo's Lack of Veracity. ............................................................. 4

    B.   There Has Been No Showing of Informed, Written Consent, And Even If There Were, The Court Should Exercise Its Inherent Power and Disqualify MoFo. .............................. 7

III. CONCLUSION ................................................................................................ 11

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Caluori v. One World Techs., Inc.*,
   No. 07-cv-2035, 2012 U.S. Dist. LEXIS 77924 (C.D. Cal. June 4,
   2012) ........................................................................................................... 7, 8, 9, 10

*Caluori v. Ryobi Ltd., et al.*,
   No. 07-cv-02035-CAS-VBK .................................................................................. 10

*Lyle v. Superior Court*,
   122 Cal. App. 3d 470 (Cal. Ct. App. 1981) ........................................................ 9, 10

*Ouimet v. USAA Cas. Inc. Co.*,
   No. 00-cv-752, 2004 U.S. Dist. LEXIS 311 (C.D. Cal. July 14,
   2004) ................................................................................................................ 7, 9, 10

*Real Estate Training Int'l, LLC v. Nick Vertucci Cos.*,
   124 F. Supp. 3d 1005 (C.D. Cal. 2015) ................................................................. 7, 9

*Tobin v. Bc Bancorp*,
   No. 09-cv-256, 2009 U.S. Dist. LEXIS 137098 (S.D. Cal. Nov. 10,
   2009) ............................................................................................................................ 8

*Yagman v. Galipo*,
   No.12-cv-7908, 2014 U.S. Dist. LEXIS 81041 (C.D. Cal. June 3,
   2014) ............................................................................................................................ 7

**Other Authorities**

Cal. R. Prof. Conduct 5-210 ........................................................................................ 9

Local Rule 7-3 .............................................................................................................. 6

Morrison Foerster, "A Primer on SEC Investigations and Enforcement
   Actions Related to Financial Reporting and Accounting Cases,"
   (2014), *available at*
   http://media.mofo.com/files/uploads/Images/140122-SEC-
   Investigation-Handbook.pdf ..................................................................................... 5

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

## I. INTRODUCTION

Plaintiffs COR SECURITIES HOLDINGS INC. ("CORSHI") and COR CLEARING LLC ("COR Clearing") respectfully submit this reply brief in further support of their motion to disqualify Mark R. McDonald, Esq., David F. McDowell, Esq., and the law firm of Morrison & Foerster L.L.P. ("MoFo") from this action. This motion should be granted as to both the two individuals and the Firm because of their central and material role in the underlying facts giving rise to plaintiffs' causes of action against Defendants BANC OF CALIFORNIA, N.A. ("Banc") and HUGH F. BOYLE. Counsel for Defendants were participants in Defendants' fraudulent scheme perpetrated against and causing harm to Plaintiffs.

This motion, brought at the very beginning of this lawsuit, is brought to protect Plaintiffs and to vindicate the interests of the judicial system, as more fully set forth below. Counsel for Defendants, as well as Banc itself, have been on notice since shortly after Plaintiffs filed their Complaint that Plaintiffs would not acquiesce to the appearance of MoFo in this case due to its attorneys' unique and active participation in the wrongful acts alleged in this matter, and that Plaintiffs would move to disqualify MoFo and McDonald upon any appearance by either. (*See* ECF. 23 at ¶¶ 4-7). Plaintiffs brought this motion to protect their interests because acquiescing in MoFo's appearance here is prejudicial to Plaintiffs, and because MoFo's participation in this case is a direct threat to the integrity of the proceedings before this Court. Thus, despite MoFo's urging to the contrary, Plaintiffs do not bring their motion to disqualify Defendants' counsel for tactical reasons nor to prejudice Defendants.

MoFo concedes that it is currently counsel for Banc in an active Securities and Exchange Commission ("SEC") investigation and was engaged in that role during the time that Banc surreptitiously obtained Plaintiffs' documents, and

- 1 -
**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISQUALIFY**

remained in that role while, according to MoFo, someone (not identified by MoFo – either a Banc employee or a MoFo attorney or both, presumably) reviewed Plaintiffs' documents and supposedly destroyed those documents not relevant to whatever purpose Banc obtained them. The Court is not required to accept statements that fly in the face of common sense or reason, and McDonald's pre-action claims, repeated by MoFo's general counsel, that Banc destroyed the materials surreptitiously and illegally taken from Plaintiffs while under an active SEC investigation and subpoena strain credulity. The inescapable conclusion is that McDonald and MoFo either acted in a highly improbable (indeed, almost unprecedented manner) or that their assertions here lack any patina of credibility. Plaintiffs cannot take MoFo at its word when it makes highly incredulous assertions, and this Court should not either.[1]

Further, despite the multiple declarations filed with MoFo's opposition brief, there has been no attempt to make even the barest required showing of the necessary written, informed consent by Banc. A mere assertion of Banc's informed consent by its general counsel is palpably insufficient and is truly the beginning of the inquiry, not, as MoFo urges, the end of the inquiry. Moreover, even if Defendants could provide the purported informed, written consent (which they have thus far failed to do), the Court should exercise its discretion and disqualify MoFo from this matter to prevent manifest harm to the integrity of the judicial system and prejudice to Plaintiffs.

---

[1] Although Plaintiffs do not believe it to be necessary, given these impossible to reconcile positions taken by MoFo and Banc, if the Court is not inclined to grant Plaintiffs' motion, then Plaintiffs request (1) a denial without prejudice, and (2) leave to seek immediate discovery with respect to MoFo's actions and to re-file this motion.

- 2 -
**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1098595.1

## II. ARGUMENT

The Court should disqualify MoFo from this matter. First, MoFo has conceded that it was counsel to Banc during the still active SEC investigation and subpoena. MoFo's curious statements that Banc destroyed documents during an active SEC investigation and while under subpoena without outside counsel for Banc supposedly ever reviewing those documents is either not credible or, if it is to be believed (and how could it?), would require, at minimum, a deeper dive into the circumstances surrounding MoFo's involvement in Banc's wrongful acts such that MoFo's continued role as both counsel and fact witness renders their continued involvement with this case as counsel highly inappropriate.[2] Further, Banc and MoFo have utterly failed to meet their burden of demonstrating proof of informed, written consent by Banc concerning McDowell and/or MoFo acting as unique and necessary witnesses in this case and continuing as counsel for Defendants. Finally, in circumstances where the testimony of one attorney by his law partner is required in the underlying case, and where the lawyers' firm has an interest in the outcome of the case and simultaneously continues as counsel in a SEC investigation against the defendant, there is a unique risk of both prejudice to the plaintiff and harm to the judicial system's integrity that the Court should exercise its discretion and

---

[2] While MoFo procured an assertion from Banc's general counsel with respect to the supposed informed consent, Banc's general counsel is silent on Banc's destruction of documents. Thus, the only evidence before the Court that Plaintiffs' documents were destroyed by Banc emanates from MoFo, an entity who claims to have had no involvement in the review and eventual destruction of those materials. If MoFo were truly not involved in any of that process, why would Banc not say so, and why is MoFo the only party making factual claims about the destruction of Plaintiffs' documents? MoFo's bare assertions of non-involvement are thus impeached by the silence of the one party with actual knowledge and MoFo's claims to the contrary therefore lack any competent support, further highlighting the need for MoFo's testimony and disqualification.

- 3 -
**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISQUALIFY**

disqualify the entire firm at this very early stage of the litigation. Therefore, Plaintiffs respectfully request that the Court grant their motion to disqualify.[3]

### A. MoFo's Involvement As Banc Counsel in the SEC Investigation of Banc, and MoFo's Admitted Allowance of the Destruction of Plaintiffs' Privileged, Confidential, and Proprietary Materials During That Investigation Belie MoFo's Lack of Veracity.

MoFo concedes that Banc is under active formal investigation by the SEC and under subpoena, and was at the time Defendants took Plaintiffs' proprietary, privileged, and/or confidential materials from OneHub, and then, if MoFo is to be believed, reviewed those materials in total isolation from their attorneys – who procured them for Banc in the first place – and then selectively destroyed some of them. Tellingly, Banc's submission provides no details regarding the review and destruction process and provides no support for MoFo's contention. Putting to one side the obvious spoliation issues that are apparent, and putting to one side the inability for any regulated financial institution to actually destroy data once in its system, given document retention regulations, the fact that Banc has not submitted any declaration in support of MoFo's contentions means that neither Plaintiffs nor this Court should take MoFo at its word when it says, without ever identifying the source of this information, that Banc has destroyed all of Plaintiffs' proprietary, privileged, and/or confidential information surreptitiously taken by Defendants.

---

[3] MoFo's arguments aside, Plaintiffs did not move for disqualification of MoFo on the basis that the crime-fraud exception will be applicable in this case (although such a motion may become necessary later in this case as the facts are developed in discovery). (*See* ECF. 22-1). Rather, Plaintiffs were alerting the Court to that exception's likely applicability to this case, and to demonstrate another reason for the Court to consider, at this matter's earliest stages, the complications that will eventuate from permitting MoFo's improper dual role as counsel for Defendants and as fact witnesses for Defendants to continue. Plaintiffs cannot know at this point of the action the full extent of MoFo's involvement in Defendants' harmful conduct. Plaintiffs will be seeking discovery from the entirety of MoFo; discovery that MoFo's concessions in regards to this motion have now made necessary.

- 4 -
**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1098595.1

MoFo fully understands the obligations that Banc, a recipient of a SEC subpoena, has. MoFo has written, as recently as 2014, that companies who are targets of a SEC investigation:

> must be in the position to immediately override or halt any document destruction policies in the event of an SEC investigation. A company will find itself in an extremely uncomfortable position if it discovers that potentially relevant documents or data have been destroyed during an investigation because of poor communication or a failure to implement document preservation safeguards.

Reply Declaration of Jeremy E. Deutsch in Support of Plaintiffs' Reply Brief ("Deutsch Reply Decl."), Exhibit A.[4] Despite this guidance, MoFo appears to assert that it nonetheless allowed its client (Banc) to destroy documents during such an investigation and subpoena.

Plaintiffs and the Court thusly cannot simply take MoFo at its word that no one at MoFo saw, read, or used Plaintiffs' privileged, confidential, and/or proprietary documents. Surely, MoFo, as experienced and competent counsel with full knowledge of Banc's obligations to the SEC, must have participated at some level in some investigation of Banc's taking of Plaintiffs' materials, the review of those documents, and the eventual decision to order their subsequent destruction (assuming, that is, that the materials really were destroyed). The alternative, that MoFo apparently expects this Court to believe, is that it has failed in its duties as attorneys for a client under a SEC investigation and subpoena. In order to prevent that conclusion, MoFo will be required to testify in its own interests and in a way potentially adverse to the interests of its client. This should not be acceptable to either the Court or to MoFo. But, either way, Plaintiffs and the Court will be

---

[4] The publication is also available at: Morrison Foerster, "A Primer on SEC Investigations and Enforcement Actions Related to Financial Reporting and Accounting Cases," at 5 (2014), *available at* http://media.mofo.com/files/uploads/Images/140122-SEC-Investigation-Handbook.pdf.

- 5 -
**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1098595.1

entitled to evidentiary discovery and findings of fact regarding this supposed spoliation and whether anyone at MoFo actually did review Plaintiffs' information. At this point, the entire firm of Morrison & Foerster is implicated. Maintaining the integrity of these proceedings calls for as much.

Given the circumstances, disqualifying MoFo now is the most efficient and least potentially prejudicial resolution. Defendants would hardly be prejudiced as this is the very beginning of this matter, and they can find other competent counsel to develop their case. Plaintiffs have not sought a last-minute, pre-trial disqualification to fulfill some tactical purpose, when the prejudice to Defendants possibly might be higher. The Court should exercise its discretion to vindicate the interests of the judicial system's integrity and disqualify MoFo at this early stage, rather than exposing the parties to more serious prejudice as the matter progresses.[5]

---

[5] MoFo's odd behavior is further demonstrated in its apparent attempts to attack Plaintiffs' counsel's good faith attempts to meet and confer prior to filing the motion to disqualify. Before MoFo appeared in this matter, Plaintiffs' counsel informed various individuals at MoFo and in-house counsel for Banc that Plaintiffs would not acquiesce to MoFo's appearance in this case and would move to disqualify MoFo if any attorneys from that firm appeared due to its active role in the facts alleged in the Complaint. (*See* ECF. 23 at ¶¶ 4-7; *see also* ECF. 1); Deutsch Reply Decl. at ¶ 3. MoFo's attempts to demonstrate that Plaintiffs did not confer in good faith because they failed to further respond to the letter exchange with Douglas Hendricks, MoFo's general counsel, and that counsel for Plaintiffs did not confer with McDonald is simply not true. (*See* ECF. 29, 29-6). Plaintiffs had finished their meet and confer obligations (and had already stated multiple times that they would seek MoFo's disqualification, unpersuaded by MoFo's arguments to the contrary) by the time McDonald called Plaintiffs' counsel in his own late attempt to comply with the Court's Local Rules and confer prior to the filing of Defendants' Motion To Dismiss. (Plaintiffs note that McDonald made that attempt only five days prior to the filing of their motion, which was not in compliance with the seven-day mandate of Local Rule 7-3). When McDonald brought up the notion of meet and confer, Plaintiffs' counsel further conferred with McDonald regarding the disqualification, and stated that Plaintiffs will soon be moving to disqualify McDonald and MoFo. *See* Deutsch Reply Decl., at ¶ 3. That conversation subsequently abruptly ended, and it was clear that MoFo would not consent to the relief requested herein. *Id.* Because MoFo remained in this case, Plaintiffs filed the present motion. In any event, MoFo does not argue that Plaintiffs' motion is somehow improper due to an alleged failure to properly meet and confer.

- 6 -
**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1098595.1

### B. There Has Been No Showing of Informed, Written Consent, And Even If There Were, The Court Should Exercise Its Inherent Power and Disqualify MoFo.

MoFo wrongly contends that the presentation of the bare, unsupported, and conclusory assertion by Banc's general counsel of the existence of informed, written consent ends the Court's inquiry regarding MoFo's disqualification. It does not. *See Yagman v. Galipo*, No.12-cv-7908, 2014 U.S. Dist. LEXIS 81041, at *3-4, 6 (C.D. Cal. June 3, 2014) (even with valid waiver and consent, Court has inherent power and discretion to disqualify); *Caluori v. One World Techs., Inc.*, No. 07-cv-2035, 2012 U.S. Dist. LEXIS 77924, at *11 (C.D. Cal. June 4, 2012) (same); *Ouimet v. USAA Cas. Inc. Co.*, No. 00-cv-752, 2004 U.S. Dist. LEXIS 311, at *7-8 (C.D. Cal. July 14, 2004) (same). The Court always retains its inherent power and discretion to regulate the conduct of the proceedings before it and disqualify counsel even in the fact of actual informed, written consent by the client. *See id.*

Contrary to the bare assertions made in MoFo's opposition, there has been *no* submission of informed, written consent by Defendants either to Plaintiffs or to the Court, despite being provided every opportunity to do so. At a minimum, the actual writing must be produced for review by the Court before the Court can be expected to make a determination regarding the circumstances surrounding the nature or the quality of such purported consent. Even Defendants' preferred case, *Real Estate Training Int'l, LLC v. Nick Vertucci Cos.*, acknowledges this. 124 F. Supp. 3d 1005, 1007 (C.D. Cal. 2015); *see also Yagman*, 2014 U.S. Dist. LEXIS, at *3 (waiver provided to Court for *in camera* review).

The blanket statement by Banc's general counsel that it "has given informed, written consent" begins the inquiry; it does not suffice to end it. (ECF. 29-4 at ¶ 2). That simple statement does not demonstrate how or that any consent was

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1098595.1

"informed." *Compare Tobin v. Bc Bancorp*, No. 09-cv-256, 2009 U.S. Dist. LEXIS 137098, at *8 (S.D. Cal. Nov. 10, 2009) (declarations by plaintiffs state that they understand attorney may be called to testify and the possible implications, and set forth further details demonstrating that consent was informed). Moreover, the *ipse dixit* statement by Banc's general counsel is clearly not the best evidence of the purported "informed, written consent" where that consent by its very nature ***must*** be embodied in a writing. In the face of the failure to produce that writing, the statement by Banc's counsel is infirm and should be disregarded.

It is moreover imperative to determine precisely who at Banc actually is giving the supposedly "informed" consent—information absent from the declaration. After all, Plaintiffs are not the only ones to note the self-interests and self-dealings by certain executives at Banc and members of Banc's Board of Directors. *See* Deutsch Reply Decl. Exhibits B, C, D, and E. Banc's owners—that is, its shareholders—are quite publicly at odds with certain members of Banc's Board and whether those members were in fact empowered to act on behalf of Banc due to various conflicts of interest. These are the same directors who make up a Board who should have given "consent" to MoFo representing Banc in this present matter. If those directors were, in fact, self-interested, then the very act of voting for the "informed consent" may have been without foundation and the consent meaningless. Thus, the Court should not satisfy itself that informed, written consent has actually been provided by Banc.

Even if Banc had provided the documents which they purport to evidence such "informed, written consent", from some disinterested director or office (and it has not), that still does not end the inquiry. "District courts have the inherent power and discretion to disqualify counsel in order to maintain the ethical standards of professional responsibility." *Caluori*, 2012 U.S. Dist. LEXIS 77924,

- 8 -
**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISQUALIFY**

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

nydocs1-1098595.1

at *11. Even *Real Estate Training*, relied upon by Defendants and Banc, acknowledged that the holding in *Lyle v. Superior Court*, 122 Cal. App. 3d 470 (Cal. Ct. App. 1981), remains good law. *See* 124 F. Supp. 3d at 1006-07. Moreover, the holding in *Lyle* is still followed by Courts within this District. *See, e.g.*, *Ouimet*, 2004 U.S. Dist. LEXIS 31199, at *8. The Court in *Lyle* held that "the trial court under the new rule [then, the predecessor rule to Cal. R. Prof. Conduct 5-210] still has discretion to order withdrawal of counsel in instances where an attorney or a member of the attorney's law firm ought to testify on behalf of his client." 122 Cal. App. 3d at 482. Thus, even in the face of written, informed consent, the Court accordingly can still disqualify counsel "where it is confronted with manifest interests which it must protect from palpable prejudice." *Id.* The Court "must balance the competing interest of detriment to the opponent, injury to the integrity of the judicial process, and the client's right to representation by an attorney of his or her choosing." *Ouimet*, 2004 U.S. Dist. LEXIS 31199, at *8.

The manifest interests of integrity of the judicial process and the detriment to Plaintiffs by MoFo's continued role in this case as counsel for Defendants are apparent as laid out above and in the declarations submitted in support of this motion and they greatly outweigh Defendant's right to representation by MoFo—particularly when the case is still at the pleading stage and Defendants can obtain capable, non-conflicted counsel from the start. Indeed, here, MoFo and McDonald have deeply active involvement with the harmful acts committed by Defendants. As such, McDonald will have to testify during discovery and at trial to central issues of fact in this case. He, and likely others at MoFo are unique, crucial sources of factual information that would be unobtainable elsewhere. *See Ouimet*, 2004 U.S. Dist. LEXIS 31199, at *8-9; *Caluori*, 2012 U.S. Dist. LEXIS 77924, at *14-16.

- 9 -
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISQUALIFY

nydocs1-1098595.1

*Caluori* is instructive. There, in a patent dispute, the Court disqualified counsel for the plaintiff almost on the eve of trial despite informed, written consent. *See* 2012 U.S. Dist. LEXIS 77924, at *16. That counsel had drafted the application for and prosecuted the patents in dispute. *See id.* at *14-15. The Court recognized that counsel was familiar with the patent and its prosecution history, and thus "his testimony is relevant and material" to major issues in the case, and would not be "cumulative or obtainable by other means."[6] *Id.* at *15. Similarly, here, McDonald was deeply involved with Defendants' obtaining access to and taking Plaintiffs' privileged, confidential, and/or proprietary materials. He wrote the false letter to OneHub and made representations concerning document destruction during an active SEC investigation and subpoena (that McDonald, as general outside counsel to Banc, admittedly is counsel on as well). (*See* ECF. 1). He has intimate knowledge obtainable from him alone.

Additionally, the entirety of MoFo should be disqualified to protect the integrity of the judicial system, and to prevent prejudices to Plaintiffs. "A lawyer testifying for a party represented by his law partner is also subject to impeachment for bias. . . . [T]he advocate must argue the credibility of his partner's testimony, and the situation is calculated to evoke lay criticism of the zealousness of lawyers and law firms." *Lyle*, 122 Cal. App. 3d at 481. Further, McDonald, McDowell, and MoFo are self-interested in the outcome of this motion. *Cf. Ouimet*, 2004 U.S. Dist. LEXIS 31199, at *9; *see also Lyle*, 122 Cal. App. 3d at 481 ("It appears, therefore, that the reasons for the basic rule most emphasized when the trial

---

[6] To be sure, the Court in *Caluori* did not disqualify the plaintiff's other attorney, who had participated in the entirety of the case. *See* 2012 U.S. Dist. LEXIS 77924, at *16. However, unlike here, that other attorney was not heavily involved with the underlying matters at issue, the defendant did not seek that attorney's disqualification, and that attorney was from an entirely separate law firm than counsel who was disqualified. *See id.*; *see also generally Caluori v. Ryobi Ltd., et al.*, No. 07-cv-02035-CAS-VBK (case docket).

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1098595.1

attorney is a member of the same law firm as the attorney-witness are those based on the common interest of the attorney-witness with his law firm in the outcome of the litigation and the appearance of impropriety."). Moreover, given MoFo's role as Banc's counsel in the ongoing SEC investigation and failure to ensure compliance with proper standards regarding the preservation of evidence—that is, the spoliation of Plaintiffs' stolen information—Plaintiffs would be unduly prejudiced by MoFo's continued role in this case. The Court should disqualify McDonald, McDowell, and MoFo.

### III. CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in Plaintiffs' initial memorandum of law and declarations submitted herewith, Plaintiffs respectfully request that the Court grant their motion to disqualify MoFo, McDonald, and McDowell as counsel in this matter, and any further relief the Court finds to be just and necessary, including but not limited to immediate discovery with respect to MoFo's actions.

DATED: October 30, 2017

ANDERSON KILL CALIFORNIA L.L.P.
ANDERSON KILL P.C.

By: /s/ *Jeremy E. Deutsch*
　　Bridget B. Hirsch
　　Jeremy E. Deutsch
　　Ethan W. Middlebrooks

Attorneys for Plaintiffs COR SECURITIES HOLDING INC. and COR CLEARING LLC

- 11 -
**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISQUALIFY**

nydocs1-1098595.1