Note changes made by the Court at ¶¶ 11, 21.

Bridget B. Hirsch, State Bar No. 257015
bhirsch@andersonkill.com
ANDERSON KILL CALIFORNIA L.L.P.
Wells Fargo Plaza
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071
Tel:   (213) 943-1444
Fax:   (212) 278-1733

Jeremy E. Deutsch (Admitted Pro Hac Vice)
jdeutsch@andersonkill.com
Ethan W. Middlebrooks (Admitted Pro Hac Vice)
emiddlebrooks@andersonkill.com
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel.:  (212) 278-1000
Fax:   (212) 278-1733

Attorneys for Plaintiffs
COR Securities Holdings Inc. and COR Clearing LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COR SECURITIES HOLDINGS INC., a Delaware Corporation; and COR CLEARING LLC, a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>vs.<br><br>BANC OF CALIFORNIA, N.A., a nationally chartered bank under the laws of California; HUGH F. BOYLE, an individual; and DOES 1-10,<br><br>    Defendants. | **Civil Action No. 8:17-cv-01403-DOC (KESx)**<br><br>**[PROPOSED] STIPULATED FRE 502(d) AND PROTECTIVE ORDER**<br><br>Judge: Hon. David O. Carter<br>Courtroom: 9D |

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1

WHEREAS the parties believe in good faith that certain information discoverable in this case consists of proprietary, financial, business, or other types of commercially valuable or otherwise private or sensitive information that the respective parties maintain in confidence in the ordinary course of business; and

WHEREAS the parties both work in a heavily regulated industry and are required to safeguard and protect the privacy and confidentiality of their own customers and clients information; and

WHEREAS the parties reasonably believe that public disclosure of such confidential information would cause financial and competitive harms to the disclosing party and may be in violation of the regulatory requirements of the parties; and

WHEREAS the parties believe that good cause exists for the entry of this order, which is narrowly tailored to protect the aforementioned confidential information of the parties, pursuant to Federal Rule of Civil Procedure 26(c); and

WHEREAS the parties also wish to protect from waiver the attorney-client privilege and/or the work-product protections of their documents and materials against the inadvertent production of such privileged documents and materials during the discovery phase of this litigation;

THEREFORE, by reason of the foregoing, Plaintiffs COR SECURITIES HOLDING INC. and COR CLEARING LLC, and Defendants BANC OF CALIFORNIA, N.A. and HUGH F. BOYLE (the "Parties") by their counsel, jointly request that the Court enter the following Stipulated FRE 502(d) and Protective Order (hereinafter, the "Protective Order") in this matter.

## PURPOSE AND SCOPE OF THIS ORDER

1.      Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information that is not generally known for which special protection from public disclosure is warranted. The Parties wish to ensure that any such confidential information is not used for

- 1 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1

any purpose other than this litigation, is not made public, and is not disseminated beyond what is necessary for the purposes of this litigation, and that any disclosure of confidential information is made only in accordance with the procedures and requirements set forth in this Protective Order.

2. This Protective Order shall apply to trade secret, confidential and proprietary information, documents and things that are produced or disclosed in any form during the course of this action by any Party or any nonparty, including:

a. through discovery;

b. in any pleading, document or other writing; or

c. in testimony given at a deposition.

This Protective Order similarly applies to all information copied or extracted from any of the above, and all copies, excerpts, summaries and compilations thereof. (All of the foregoing information, documents and things shall be referred to hereinafter collectively as "Litigation Materials.") This Protective Order does not apply to materials already in the possession of any party prior to the disclosure to that party during the course of this action, except where that party already has a duty to protect the confidentiality of such materials, and except for any materials belonging to another party stored in and downloaded from One Hub, Inc. account number XXXXX4812 ("Excluded Materials"). The definition of Litigation Materials shall expressly be understood to exclude and not apply to Excluded Materials. The mere fact that information is exchanged, produced, or disclosed during the course of this action shall not operate to change Excluded Materials in to Litigation Materials. For the avoidance of doubt, this Protective Order does not affect any pre-existing rights or duties to the extent such rights or duties exist (for example, without limitation, to maintain the confidentiality) with respect to any Excluded Materials.

///

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1

## CONFIDENTIAL AND ATTORNEYS' / EXPERTS' EYES ONLY INFORMATION

3.      Any Party or nonparty producing or disclosing Litigation Materials in this action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" by designating it in the manner set forth in Paragraph 4 below. The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential or proprietary commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), other information of a confidential, proprietary, private or personal nature, or "Protected Data" as defined below.

"Protected Data" shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws and regulations or other privacy obligations.  Protected Data constitutes highly sensitive materials requiring special protection.  Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); and The Fair Credit Reporting Act, 15 U.S.C. § 1681m and the regulations thereunder, 17 CFR Parts 162 and 248 (identity information).

The designation of information as "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" shall be limited to trade secrets or other privileged and proprietary, confidential commercial and personal information which the disclosing Party or nonparty in good faith believes will result in

///

- 3 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1

competitive disadvantage or harm if disclosed to any non-party or to another Party to this action without restriction upon use of further disclosure.

Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

## MANNER OF DESIGNATION OF MATERIALS

4. A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" in the following manner:

a. Documents or Things. "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" treatment may be obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" on the particular document or thing.

In addition, any Party may, within fourteen (14) calendar days after the production of materials or information, specifically designate materials or information produced by another Party "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" by notifying all Parties in writing of the portions of the materials or information which contains such information. Each Party shall attach a copy of such statement to the face page of the materials or information and to each copy in its or his possession, custody or control. Thereafter, these portions of the materials or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" shall be treated in accordance with the terms of this Protective Order.

b. Interrogatory Answers and Responses to Requests for Admissions. In answering any interrogatory or request for admission, or any part thereof, a Party may designate its answer as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' /

- 4 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

EXPERTS' EYES ONLY". Such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY".

c. Deposition Testimony. Any Party or nonparty giving deposition testimony in this action may obtain "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" treatment therefore by designating the testimony, during the course of that testimony, as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY", or alternatively by designating the entire transcript as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY", subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY") within thirty (30) calendar days after receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY".

In addition, all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, whether marked confidential or not, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of thirty (30) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. Any Party or nonparty may, within that thirty (30) calendar day period described above, specifically designate information contained

- 5 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

in the transcript(s) as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information.  Each Party shall attach a copy of such statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control.  Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" shall be treated in accordance with the terms of this Protective Order.

If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to Paragraphs 6 and 7 hereof shall be excluded from the room in which the deposition testimony is given.

d.    Collections of Documents, DVDs, CD-Roms, Etc. Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY".  In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" as the case may be.

///

- 6 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

## RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

5. Any Litigation Materials produced or disclosed in this action, whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY", may only be used for purposes of this litigation and not for any other purpose, including without limitation for any business or trade purpose. As used herein, the term "litigation" shall mean preparation for, participation in and prosecution and defense of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in connection with any mediation or other alternative dispute resolution procedure that this or any other court may order or that the Parties may agree to.

6. Subject to Paragraphs 8 and 9 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

a. the attorneys for the Parties and their partners, shareholders, associates, document clerks and paralegals who are necessary to assist such attorneys;

b. secretaries, stenographers and other office or clerical personnel employed by said attorneys and who are necessary to assist such attorneys;

c. a named Party, a person whom counsel in good faith believes to be a potential witness in this action and who has signed a copy of the Assurance of Compliance attached hereto as Exhibit A, or officers, directors or employees of a named Party – in each case solely to the extent deemed necessary by the receiving Party's attorneys for purposes of assisting in litigation;

d. the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

///

- 7 -
**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1

e.      such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

f.      professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony, and translators;

g.      outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators; and

h.      independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation, provided that the requirements of Paragraph 9 are complied with prior to any disclosure.

7.      Subject to Paragraphs 8 and 9 herein, and unless otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" shall not be disclosed to any person other than:

a.      the outside attorneys for the Parties (not including in-house counsel for the Parties or any attorney who is an officer, directors, shareholder, or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys.  For the purpose of this subparagraph, "affiliate shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

b.      secretaries, stenographers and other office or clerical personnel employed by said outside attorneys and who assist them with respect to litigation;

///

- 8 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1

c.      the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" information;

d.      such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" information;

e.      professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony, and translators;

f.      outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators; and

g.      independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation, provided that the requirements of Paragraph 9 are complied with prior to any disclosure.

8.      None of the following is bound by or obligated under this Protective Order in any respect and specifically are not bound or obligated to treat information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" in any particular manner: the Court hearing this action (including the Court having jurisdiction of any appeal), Court personnel, court reporters working for the Court, translators working for the Court, or any jury impaneled in this action.

9.      Other than those identified in Paragraph 8 above, each person to whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" is disclosed shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such

- 9 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1

persons of any such information. The persons described in Paragraphs 6(g), 6(h), 7(f), and 7(g) shall not have access to either "CONFIDENTIAL" information or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY", as the case may be, until they have certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A.  Once a person has executed such an Assurance of Compliance, it shall not be necessary for that person to sign a separate Assurance of Compliance each time that person is subsequently given access to confidential material.  With respect to persons described in Paragraphs 6(h) and 7(g), counsel shall retain the signed Assurance of Compliance, hold it in escrow, and produce it to opposing counsel prior to such person being permitted to testify at deposition or trial, or at the conclusion of the case, whichever comes first.

10.    The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

11.    Challenges to and disputes regarding confidentiality designations shall follow the procedure set forth in this Paragraph 11, including all subparagraphs.  Any Party or nonparty may challenge a designation of confidentiality ("Challenging Party") at any time that is consistent with the Court's Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

a.    <u>Meet and Confer</u>.  In the event that a Challenging Party disagrees with the designation by the producing entity of any Litigation Materials

- 10 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1

as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY", the Challenging Party's counsel shall initiate the dispute resolution process under Local Rule 37.1.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

b.      Court Intervention.  If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality in compliance with Local Rule 37 *or if the parties agree, use the telephonic procedure described on the Court's website*.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous designations or challenges, and those designations or challenges made for an improper purpose (*e.g.*, to harass or to impose unnecessary expenses and burdens on other parties) may expose the respective Designating Party or Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

12.     Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its own Litigation Materials which that Party or nonparty produces or discloses in this action or in any other capacity.

13.     The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" Litigation Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or

- 11 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1

nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Promptly upon discovery of inadvertent or unintentional disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" Litigation Materials, the producing entity may notify the requesting party in writing that such documents or information were produced without the appropriate designation. The requesting party shall immediately treat the disclosed document or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" upon receipt of such written notice. To the extent that the requesting party has already disclosed such information, such disclosure shall not be a violation of this Protective Order, but the requesting party shall promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and shall destroy or return them to the producing entity.

14.     Pursuant to Rule 502 of the Federal Rules of Evidence, if a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty. The receiving Party shall promptly return to the producing Party or nonparty the inadvertently disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production. Pursuant to Federal Rule of

- 12 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1

Evidence 502(d), the inadvertent disclosure of privileged or attorney work product protected materials also shall not waive that privilege for those documents in any other federal, state or other proceeding.

15.     Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules.  Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

## FILING AND USE IN COURT OF DESIGNATED MATERIALS

16.     The Parties shall follow the applicable Rules of the Federal Rules of Civil Procedure, Local Rules of the United States District Courts for the Central District of California, and the Electronic Case Rules and Instructions of the Central District of California when filing documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" information.

## THIRD PARTY REQUEST FOR DESIGNATED MATERIALS

17.     If any Party or nonparty receives a subpoena or document request from a third party which purports to require the production of materials in that party's possession which have previously been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" by any other Party or nonparty, the Party or nonparty receiving such subpoena or document request (a) shall object and refuse to produce documents absent a Court Order or the consent of the Party or nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY", (b) immediately notify the Party or nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL –

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1

ATTORNEYS' / EXPERTS' EYES ONLY" of the receipt of said subpoena or document request, and (c) shall not oppose any effort by the Party or nonparty which designated the material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" to quash the subpoena or obtain a protective order limiting discovery of such material.

### DISCOVERY FROM NONPARTIES

18.     Discovery of nonparties may involve receipt of information, documents, things or testimony which include or contain "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" materials or information.  A nonparty producing such material in this case may designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" some or all of the material it produces in the same manner provided for in this Protective Order with respect to material furnished by or on behalf of the Parties.  Any Party may also designate pursuant to Paragraph 19(a) as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" any materials or information produced by a nonparty that constitute "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" material of the designating Party pursuant to this Protective Order, regardless of whether the producing nonparty has also so designated.  In addition, a nonparty may also designate pursuant to Paragraph 19(b) as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" any materials or information produced by a Party that constitute "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" material or information of such nonparty, regardless of whether the producing Party has also so designated.  In either event, the designation providing for the greater level of protection for the materials or information shall control.

19.     Subject to and in accordance with Paragraph 18, a Party or nonparty may designate materials or information produced in this case as

- 14 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" in the following manner:

a. Any Party may designate materials or information produced by a nonparty in this case as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" by providing written notice of such designation and the corresponding range of produced materials or information covered by such designation to the other Parties and the producing nonparty within fourteen (14) days of the production of materials or information that constitute "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" materials or information of the designating Party.

b. A nonparty may designate materials or information produced in this case by a Party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" any materials or information produced by a Party that constitute "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" material or information of such nonparty by providing written notice of such designation and the corresponding range of produced materials or information covered by such designation to the Parties within fourteen (14) days of the determination that materials or information have been produced by a Party that constitute "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" material or information. This written notice shall include how and when the nonparty determined that materials or information that constitute "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" material or information were produced in this case by a Party.

## CONCLUSION OF LITIGATION

20. Within ninety (90) days of the conclusion of this action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as

- 15 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY", and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession.  In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings, its own attorney work product (except that a good faith effort shall be made to purge Litigation Materials from the work product), and papers filed with the Court or served on the other Parties.  Such retained copy of pleadings, and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order.  This Protective Order shall continue to be binding after the conclusion of this action.

## **AMENDMENT OF THIS PROTECTIVE ORDER**

21.    The provisions of this Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought in accordance with the rules of the Court ***or the Court's telephonic procedure***.

///
///
///
///
///
///
///
///

- 16 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1

## ENFORCEMENT OF THIS PROTECTIVE ORDER

22.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED**

MORRISON AND FOERSTER LLP

ANDERSON KILL CALIFORNIA L.L.P.
ANDERSON KILL P.C.

By    s/Ashleigh K. Landis
    David F. McDowell
    Ashleigh K. Landis

By    s/ Ethan W. Middlebrooks
    Bridget B. Hirsch
    Jeremy E. Deutsch
    Ethan W. Middlebrooks

*Attorneys for BANC OF CALIFORNIA, N.A. and HUGH F. BOYLE*

*Attorneys for COR SECURITIES HOLDINGS INC. and COR CLEARING LLC*

Dated: May 14, 2018

**SO ORDERED:**

_Karen E. Scott_
Hon. Karen E. Scott
United States Magistrate Judge

- 17 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and the State/Country of _____;

I have the annexed Stipulated Protective Order ("Protective Order") dated _____ in the action entitled COR Securities Holdings Inc., et al. v. Banc of California, N.A., et al.; Case No. 17-cv-01403 (DOC) which is currently pending in the United States District Court for the Central District of California;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' / EXPERTS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of the Protective Order.

Dated: _____    _____

[Signature]

- 18 -

**STIPULATED FRE 502(d) AND PROTECTIVE ORDER**

docs-100012179.1