Bridget B. Hirsch, State Bar No. 257015
bhirsch@andersonkill.com
ANDERSON KILL CALIFORNIA L.L.P.
Wells Fargo Plaza
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel:  (213) 943-1444
Fax:  (212) 278-1733

Jeremy E. Deutsch (Admitted Pro Hac Vice)
jdeutsch@andersonkill.com
Christian V. Cangiano (Admitted Pro Hac Vice)
ccangiano@andersonkill.com
Ethan W. Middlebrooks (Admitted Pro Hac Vice)
emiddlebrooks@andersonkill.com
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel.:  (212) 278-1000
Fax:  (212) 278-1733

Attorneys for Plaintiffs
COR Securities Holdings Inc. and COR Clearing LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COR SECURITIES HOLDINGS INC., a Delaware Corporation; and COR CLEARING LLC, a Delaware limited liability company,<br><br>              Plaintiffs,<br><br>vs.<br><br>BANC OF CALIFORNIA, N.A., a nationally chartered bank under the laws of California; HUGH F. BOYLE, an individual; and DOES 1-10,<br><br>              Defendants. | Civil Action No. 8:17-cv-01403-DOC (KESx)<br><br>Hon. David O. Carter<br>Courtroom: 9D<br>Discovery Cutoff: February 15, 2019<br>Pretrial Conference: June 3, 2019<br>Trial: June 18, 2019<br><br>**NOTICE OF MOTION AND MOTION FOR REVIEW AND OBJECTION PURSUANT TO FED. R. CIV. P. 72(a) AND L.R. 72-2.1 TO DECISION BY A MAGISTRATE JUDGE; MEMORANDUM OF POINTS AND AUTHORITIES** |

NOTICE OF MOTION AND MOTION FOR REVIEW AND OBJECTION
docs-100072590.1

**TO THE HONORABLE COURT AND TO ALL PARTIES:**

PLEASE TAKE NOTICE that on January 7, 2019, at 8:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 9D of the United States Courthouse located at 411 West Fourth Street, Santa Ana, CA 92701, Plaintiffs/Counterclaim Defendants COR SECURITIES HOLDINGS INC. and COR CLEARING LLC ("Plaintiffs") will respectfully object to and seek review of a decision made by Magistrate Judge Scott regarding Plaintiffs' Motion to Compel Compliance with Subpoena to Morrison & Foerster, L.L.P.

This Motion is made pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2.1 and is based on Plaintiffs' Memorandum of Points and Authorities attached hereto, the [Proposed] Order, any supplemental memoranda subsequently filed, together with all pleadings and records on file herein, and such further argument and evidence as the Court may consider.

This Motion is made following the conferences of counsel related to the Plaintiffs' Motion to Compel pursuant to Local Rules 37-1 and 45, which took place on August 24, 2018, and by subsequent written exchange.

Dated: November 20, 2018    **ANDERSON KILL CALIFORNIA L.L.P.**
**ANDERSON KILL P.C.**

By: /s/ Ethan W. Middlebrooks
    Bridget B. Hirsch, Esq.
    Wells Fargo Plaza
    355 South Grand Avenue, Suite 2450
    Telephone: (213) 943-1444
    Facsimile: (212) 278-1733
    E-mail: bhirsch@andersonkill.com

    Jeremy E. Deutsch, Esq.

- 1 -
NOTICE OF MOTION AND MOTION FOR REVIEW AND OBJECTION
docs-100072590.1

Christian V. Cangiano, Esq.
Ethan W. Middlebrooks, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
E-mail: jdeutsch@andersonkill.com
E-mail: ccangiano@andersonkill.com
E-mail: emiddlebrooks@andersonkill.com

*Attorneys for Plaintiffs COR SECURITIES HOLDINGS INC. and COR CLEARING LLC*

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 2 -
**NOTICE OF MOTION AND MOTION FOR REVIEW AND OBJECTION**
docs-100072590.1

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2.1, Plaintiffs hereby respectfully object to and seek review of a decision made by Magistrate Judge Scott regarding Plaintiffs' Motion to Compel Compliance with Subpoena to Morrison & Foerster, L.L.P. Plaintiffs' Motion To Compel seeks to compel Morrison & Foerster ("MoFo") to (1) confirm whether documents responsive to Plaintiffs' July 27, 2018 subpoena (the "Subpoena")[1] exist and (2) serve a privilege log in advance of the deposition of disqualified attorney Mark R. McDonald, assuming such documents exist.

Magistrate Judge Scott erroneously ruled that Plaintiffs did not demonstrate the relevancy of their Subpoena requests to MoFo, and based much of the November 13, 2018 Order on a misinterpretation of the Court's February 23, 2018 rulings on Plaintiffs' motion to disqualify Mr. McDonald. Plaintiffs respectfully submit that the Magistrate Judge overlooked the relevancy of the documents sought by the Subpoena and request the Court to overturn the Magistrate Judge's Order, which directly affects this Court's February 23, 2018 rulings, and grant Plaintiffs' Motion To Compel.

### I. Introduction

This case involves the unauthorized access and taking of Plaintiffs' privileged, proprietary, and confidential data and information by Defendants BANC OF CALIFORNIA, N.A. and HUGH F. BOYLE ("Defendants") from an account on a secure online cloud computing storage site hosted by OneHub, Inc. ("OneHub"). (*See* ECF # 1). Defendants improperly gained access to Plaintiffs' materials as a result of a false and misleading letter sent by Mr. McDonald to OneHub, claiming that Banc was the sole owner of the entirety of the OneHub account. (*See id.* at ¶¶ 40-43; ECF # 1-2). OneHub relied on the falsehoods in that

---

[1] The Subpoena is on the docket as ECF # 76-2 at Page ID #s 777-88.

- 3 -

letter and granted full access to Defendants of Plaintiffs' privileged, proprietary, and confidential data and information. (*See* ECF # 1 at ¶¶ 46, 48). Defendants then downloaded thousands of files of Plaintiffs' data and information without permission. (*See id.* at ¶¶ 48-54, 56).

Mr. McDonald was *crucial* to Defendants' breaching the security of Plaintiffs' OneHub account. In addition to sending the letter to OneHub, Mr. McDonald frustrated Plaintiffs' efforts to investigate the extent of, and what happened to, their misappropriated data and information. (*See id.* at ¶¶ 67-69). Mr. McDonald played a central role in Defendants' actions that harmed Plaintiffs. For those reasons, and because Mr. McDonald would appear at trial as a witness, Plaintiffs sought from the outset of this action to prevent Mr. McDonald from participating as counsel for Defendants. When Mr. McDonald appeared in this matter as such counsel, Plaintiffs promptly and successfully moved to disqualify him from involvement in this action. (*See* ECF # 22-1; 30; 38).

Discovery in this action is ongoing. Plaintiffs have sought information from non-party MoFo through written discovery and in advance of a deposition and ultimate trial testimony of Mr. McDonald, including by the Subpoena. (ECF # 76-2 at Page ID #s 777-88). The Subpoena is targeted to Mr. McDonald's continued involvement in this matter following his disqualification and notwithstanding Judge Carter's admonitions at the February 23, 2018 hearing on Plaintiffs' motion to disqualify.[2] (*See id.*). MoFo refused to state whether it has withheld any documents pursuant to any objection to the Subpoena (*i.e.*, even admit whether responsive documents exist), or to agree to produce a privilege log as to any documents withheld on the basis of an assertion of privilege or other protection. (ECF # 76-2 at Page ID #s 790-97). Instead, MoFo objected to the Subpoena on

---

[2] The full transcript of the February 23, 2018 hearing is on the docket at ECF # 76-3 at Page ID #s 834-53.

- 4 -
NOTICE OF MOTION AND MOTION FOR REVIEW AND OBJECTION
docs-100072590.1

relevancy grounds. (*See id.*).

On November 13, 2018, Magistrate Judge Scott, without the benefit of oral argument or responsive briefs, denied Plaintiffs' Motion to Compel. (ECF # 78). The primary basis for that denial was Magistrate Judge Scott's misinterpretation of the Court's statements at the February 23, 2018 hearing. (*See id.*). Based on that misinterpretation, the Magistrate Judge ruled that the Subpoena did not seek relevant materials. (*Id.*).

Plaintiffs hereby respectfully object to and seek review, pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2.1, of Magistrate Judge Scott's ruling. Further, Plaintiffs respectfully contend that Magistrate Judge Scott's ruling was in clear error and contrary to the Court's February 23, 2018 disqualification order and clear admonitions on the record relating to that order.

## II.  Legal Standard

A party may object to a non-dispositive order of a Magistrate Judge by filing an objection with the assigned District Court Judge. Fed. R. Civ. P. 72(a); L.R. 72-2.1. The District Court Judge must consider the objection and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the Magistrate Judge's factual conclusions. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990). "[T]he contrary to law standard applies to the Magistrate Judge's legal conclusions, which are reviewed de novo." *China Nat'l Metal Prods. Import/Export Co. v. Apex Digital, Inc.*, 155 F. Supp. 2d 1174, 1177 (C.D. Cal. 2001)) (citation omitted). Plaintiffs are moving under this latter standard and readily satisfy it here.

## III.  Argument

### The Disqualification

Plaintiffs' position, from the beginning of this litigation, has been that Mr. McDonald should have <u>no</u> involvement as counsel for Defendants. That is why

Plaintiffs immediately moved to disqualify Mr. McDonald as counsel for Defendants when he appeared in this action. (ECF # 22). The Court disqualified Mr. McDonald because Plaintiffs will be calling him to testify as a witness at trial. (ECF # 38).

The Court specifically stated that the February 23, 2018 disqualification order could include the direction to segregate Mr. McDonald from this action, as Plaintiffs' counsel requested, but the Court did not want to cause embarrassment to MoFo or Mr. McDonald. (*See* ECF # 76-3 at Page ID # 851 (Feb. 23, 2018 Hearing Transcript at 18:15-17) ("I can do that. But once I do that – remember, I'm trying not to cause embarrassment. Morrison Foerster can't be that dumb.")). Plaintiffs' counsel orally agreed with the Court's preferences, and Defendants' counsel non-verbally appeared to consent. (*See* ECF # 76-3 at Page ID # 852 (Transcript of February 23, 2018 Hearing at 19:4-10) ("MR. DEUTSCH: I will accept Mr. McDowell's [of MoFo] representation if he were prepared to give that representation. THE COURT: Sure. I'd appreciate it. . . . I have great faith in my attorneys when they make a representation, and I'd prefer to leave it on that basis.")). The Court also held that Plaintiffs are allowed to take discovery regarding Mr. McDonald. (*See* ECF # 76-3 at Page ID # 851 (Feb. 23, 2018 Hearing Transcript at 18:18-19)). Respectfully, the Magistrate Judge's November 13, 2018 Order misinterpreted the Court's rulings from the bench.

**The Subpoena**

Plaintiffs learned during the filing of Defendants' unsuccessful Notice of Related Case that there is reason to believe that Mr. McDonald is apparently still involved in this matter as counsel subsequent to his disqualification. (*See* ECF # 68-1 at ¶ 9 and Page ID #606 (Abascal Declaration and exhibit); ECF # 64, 70). The requests in the Subpoena concern Mr. McDonald's ongoing role as counsel here. (*See* ECF # 76-2 at Page ID #s 777-88). Plaintiffs are entitled to a witness who is not educated in the legal theories of the Defendants and all of the

occurrences in this action, and, yet, Mr. McDonald appears to have unfettered access to those theories and occurrences and is still involved as counsel. Further, Mr. McDonald, by continuing to act as counsel for Defendants in this matter, also improperly would have access to the discovery materials that Plaintiffs have designated as "Attorneys'/Experts' Eyes Only", thereby prejudicing Plaintiffs.

### The Erroneous Ruling

Magistrate Judge Scott held that MoFo did not have to confirm whether it has withheld any responsive documents to the Subpoena because the requests in the Subpoena are not relevant. (*See* ECF # 78). The primary basis of the Magistrate Judge's relevancy ruling turns on a misinterpretation of the Court's February 23, 2018 rulings, in particular the Court's statements on the record concerning Mr. McDonald's involvement in this action. (*See id.*).

The Magistrate Judge (and, for that matter, MoFo) contends that the Court only disqualified Mr. McDonald on the basis of the witness-advocate rule, and that rule does not prohibit the involvement of a disqualified attorney with the matter so long as that attorney does not appear as trial counsel. (*See* ECF # 78). Plaintiffs respectfully disagree. The Magistrate Judge's (and MoFo's) interpretation ignores that the Court disqualified Mr. McDonald as counsel ***at the commencement*** of this action. The Court did not allow Mr. McDonald to remain involved in this litigation as counsel and order that he only had to step aside for trial. It is clear from the timing of the Court's actions that its ruling was that Mr. McDonald be prohibited from <u>any</u> further participation in this matter as counsel. Moreover, the Court specifically considered the question of Mr. McDonald's continued involvement in the case and observed that MoFo could not be that "dumb." (ECF # 76-3 at Page ID # 851 (Feb. 23, 2018 Hearing Transcript at 18:17).

### The Subpoena Requests Relevant Documents

Furthermore, the Subpoena requests are relevant because they concern the actions of a key witness in this case, Mr. McDonald, and his exposure to

- 7 -
NOTICE OF MOTION AND MOTION FOR REVIEW AND OBJECTION

docs-100072590.1

information he should not have – including materials designated "Attorneys'/Experts' Eyes Only" – and because of his violation of the Court's order and directions. The relevance of the information sought is inherent in that it "serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993).

Relevancy is to be "construed 'liberally and with common sense' and discovery should be allowed *unless the information sought has no conceivable bearing on the case.*" *Martin v. Monsanto Co.*, No. 16-cv-2168-JFW (SPx), 2017 U.S. Dist. LEXIS 214624, at *7 (C.D. Cal. Apr. 10, 2017) (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting in turn *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992))) (emphasis added); *see also Best Buy Stores, L.P. v. Manteca Lifestyle Ctr., LLC*, No. 10-cv-389, 2011 U.S. Dist. LEXIS 62817, at *11 (E.D. Cal. June 14, 2011) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)) ("Discovery is not limited to the merits of a case, 'for a variety of fact-oriented issues may arise during litigation that are not related to the merits.'"). "[I]nformation that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable." Fed. R. Civ. P. 26 Advisory Committee Notes; *see also Hayse v. City of Melvindale*, No. 17-cv-13294, 2018 U.S. Dist. LEXIS 129637, at *12-14 (E.D. Mich. Aug. 2, 2018) (granting motion to compel on basis that discovery requests, although not relevant to specific claim or defense, could be used to impeach witness); *Chavez v. McKinney*, No. 16-cv-1004, 2017 U.S. Dist. LEXIS 19200, at *5-8 (D. N.M. Feb. 9, 2017) (same).

The information Plaintiffs seek from MoFo indeed bears on the case: Mr. McDonald's exposure to the day-to-day litigation aspects of the action provide him prejudicial insight as a witness that would allow him to shape his testimony in a manner favorable to what he knows to be the parties' litigation strategies and theories. Further, Plaintiffs should be allowed discovery concerning Mr.

McDonald's role in this action and MoFo's disregard of his disqualification, which the Court stated during the disqualification hearing was a topic ripe for discovery. (*See* ECF # 76-3 at Page ID # 851 (Feb. 23, 2018 Hearing Transcript at 18:18-19 (The Court, in response to Plaintiffs' counsel's request to instruct MoFo in the Court's order to segregate Mr. McDonald: "Morrison Foerster can't be that dumb. And let me say it this way: If they did something like that, you're going to find it out during your discovery process.")). Finally, the Subpoena seeks documents relating to the credibility of Mr. McDonald. Plaintiffs are entitled to this information before they take Mr. McDonald's deposition.

Based on the demonstrated relevancy of the information Plaintiffs seek in the Subpoena, which the Magistrate Judge overlooked, and the Magistrate Judge's misinterpretation of the Court's directions at the February 23, 2018 hearing, Plaintiffs respectfully submit that the Magistrate Judge committed clear error and ruled contrary to law, and the law of the case, when denying Plaintiffs' Motion To Compel, and request that this Court reverse such order.

## IV. Conclusion

For all of the reasons set forth above, Plaintiffs respectfully request that he Court reverse the Magistrate Judge's decision as to the Subpoena, and grant Plaintiffs' Motion To Compel MoFo (1) to confirm whether it has withheld any responsive documents on the basis of any objection, and (2) to issue a privilege log for any documents withheld pursuant to a claim of privilege.

Dated: November 20, 2018        **ANDERSON KILL CALIFORNIA L.L.P.**
                                **ANDERSON KILL P.C.**

                                By: /s/ Ethan W. Middlebrooks
                                    Bridget B. Hirsch, Esq.
                                    Wells Fargo Plaza

- 9 -
NOTICE OF MOTION AND MOTION FOR REVIEW AND OBJECTION

docs-100072590.1

355 South Grand Avenue, Suite 2450
Telephone: (213) 943-1444
Facsimile: (212) 278-1733
E-mail: bhirsch@andersonkill.com

Jeremy E. Deutsch, Esq.
Christian V. Cangiano, Esq.
Ethan W. Middlebrooks, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
E-mail: jdeutsch@andersonkill.com
E-mail: ccangiano@andersonkill.com
E-mail: emiddlebrooks@andersonkill.com

*Attorneys for Plaintiffs COR SECURITIES HOLDINGS INC. and COR CLEARING LLC*

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071