DAVID F. MCDOWELL (State Bar No. 125806)
dmcdowell@mofo.com
ASHLEIGH K. LANDIS (State Bar No. 281601)
alandis@mofo.com
MORRISON & FOERSTER L.L.P.
707 Wilshire Blvd., Suite 1600
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for BANC OF CALIFORNIA, N.A.,
and HUGH F. BOYLE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COR SECURITIES HOLDINGS INC., a Delaware Corporation; and COR CLEARING LLC, a Delaware limited liability company,<br><br>               Plaintiffs,<br><br>     v.<br><br>BANC OF CALIFORNIA, N.A., a nationally chartered bank under the laws of California; HUGH F. BOYLE, an individual; and DOES 1-10,<br><br>               Defendants. | Case No. 8:17-cv-01403 DOC (JCGx)<br><br>HON. DAVID O. CARTER<br><br>**MORRISON & FOERSTER LLP'S OPPOSITION TO PLAINTIFFS' MOTION FOR REVIEW AND OBJECTION PURSUANT TO FED. R. CIV. P. 72(a) AND L.R. 72-2.1 TO DECISION BY A MAGISTRATE JUDGE**<br><br>Complaint Filed: August 15, 2017<br><br>Trial Date: June 18, 2019 |
| BANC OF CALIFORNIA, N.A., a nationally chartered bank under the laws of California,<br><br>               Cross-Complainant,<br><br>     v.<br><br>COR SECURITIES HOLDINGS INC., a Delaware Corporation; and COR CLEARING LLC, a Delaware limited liability company,<br><br>               Cross-Defendants. | Date: January 7, 2019<br>Time: 8:30 a.m.<br>Department: 9D |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................ 2

    A. Plaintiffs' Motion to Disqualify and Disqualification Order ............... 2

    B. Plaintiffs' Discovery to Morrison ........................................................ 5

    C. The Magistrate Judge's Order Denying Motion to Compel ................ 6

III. LEGAL STANDARD ....................................................................................... 7

IV. THE MAGISTRATE JUDGE'S RULING THAT PLAINTIFFS' SUBPOENA TO MORRISON SEEKS NON-RELEVANT INFORMATION THAT FALLS OUTSIDE THE SCOPE OF PERMISSIBLE DISCOVERY WAS NOT AN ERRONEOUS CONCLUSION OF LAW ...................................................................... 9

    A. Plaintiffs' New Arguments On Relevance Still Fail To Demonstrate Why Mr. McDonald's Communications with Defendants and Other Defense Counsel After February 23, 2018 Are Relevant ................................................................... 9

    B. The Magistrate Judge Correctly Concluded That Discovery Of Mr. McDonald's Communications with Defendants and Other Defense Counsel After February 23, 2018 Was Not Already Ordered Permissible By the Court ................................. 13

V. THE MAGISTRATE JUDGE CORRECTLY CONCLUDED THAT A PRIVILEGE LOG IDENTIFYING ALL RESPONSIVE DOCUMENTS IS NOT REQUIRED BECAUSE THE DOCUMENTS SOUGHT ARE NON-RELEVANT ............................................................. 16

VI. CONCLUSION ............................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaimalo v. United States*,
645 F.3d 1042 (9th Cir. 2011) ................................................................. 8, 12, 16

*Benas v. Baca*,
No. CV0011507LGB(SHX), 2003 WL 21692037 (C.D. Cal. July
10, 2003) ....................................................................................................... 14

*Bluestone Innovations LLC v. LG Elecs. Inc*,
No. C-13-01770 SI (EDL), 2013 WL 6354419 (N.D. Cal. Dec. 5,
2013) ......................................................................................................... 11, 12

*Caluori v. One World Techs., Inc.*,
No. CV 07-2035 CAS, 2012 WL 2004173 (C.D. Cal. June 4, 2012) ................ 14

*Chavez v. McKinney*,
CIV 16-1004 CG/KBM, 2017 WL 4534857 (D.N.M. Feb. 9, 2017) ................ 11

*Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension
Trust for S. Cal.*,
508 U.S. 602 (1993) ....................................................................................... 8, 16

*Contemporary Servs. Corp. v. Landmark Event Staffing Servs.*,
No. SACV 09-00681 AG (ANx), 2013 WL 12142953 (C.D. Cal.
Feb. 4, 2013) ..................................................................................................... 9

*DHR Int'l Inc. v. Charlson*,
No. C 14-1899 PJH, 2014 WL 4808752 (N.D. Cal. Sept. 26, 2014) ................ 14

*GayDays, Inc. v. Master Entm't, Inc.*,
Case No. CV 07–6179 ABC, 2008 WL 11339109 (C.D. Cal. July 8,
2008) ............................................................................................................... 14

*Gregori v. Bank of America*,
207 Cal. App. 3d 291 (1989) ........................................................................... 15

*Hayse v. City of Melvindale*,
C.A. No. 17-13294, 2018 WL 3655138 (E.D. Mich. Aug. 2, 2018) ................ 11

ii

la-1403233

# TABLE OF CONTENTS
## (continued)

Page

*Husain v. Olympic Airways,*
    316 F.3d 829 (9th Cir. 2002) .......................................................................... 8, 12

*In re Retz,*
    606 F.3d 1189 (9th Cir. 2010) ...................................................................... 8, 12

*Maisonville v. F2 Am., Inc.,*
    902 F.2d 746 (9th Cir. 1990) ................................................................................ 8

*Middlesex Ret. Sys. v. Quest Software, Inc.,*
    No. CV 06-6863 DOC, 2009 WL 10675586 (C.D. Cal. Sept. 18,
    2009) ...................................................................................................... 8, 13, 15, 16

*Poquito Mas Licensing Corp. v. Taco Bell Corp.,*
    No. SA CV 13-1933-DOC, 2014 WL 12772086 (C.D. Cal. Dec. 4,
    2014) ..................................................................................................................*passim*

*Premium Serv. Corp. v. Sperry & Hutchison Co.,*
    511 F.2d 225 (9th Cir. 1975) ................................................................................ 9

*Sinohui v. CEC Entm't, Inc.,*
    No. EDCV 14-2516- JLS (KKx), 2016 WL 2743458 (C.D. Cal.
    May 11, 2016) ...................................................................................................... 10

*St. Paul Mercury Ins. Co. v. Hahn,*
    Case No. SACV 13-0424 AG, 2014 WL 12588631 (C.D. Cal. July
    25, 2014) ................................................................................................ 8, 13, 15, 16

*United States v. Cathcart,*
    No. C 07-4762 PJH, 2009 WL 1764642 (N.D. Cal. June 18, 2009).........9, 13, 15

*Yagman v. Galipo,*
    No. CV 12- 7908-GW SHX, 2014 WL 2566129 (C.D. Cal. June 3,
    2014) .................................................................................................................. 2, 15

**Statutes**

28 U.S.C. § 636(b)(1)(A) .............................................................................................. 2, 7

OPPOSITION TO MOTION FOR REVIEW

# TABLE OF CONTENTS
## (continued)

**Page**

**Other Authorities**

Cal. Eth. Op. 2013-188 ................................................................................5

Cal. R. of Professional Conduct 5-210 .............................................. 1, 2, 14, 15

Fed. R. Civ. P. 26................................................................................... 11

Fed. R. Civ. P. 26(b)(1) ..................................................................*passim*

Fed. R. Civ. P. 26(b)(5)(A)................................................................... 16

Fed. R. Civ. P. 72(a) .........................................................................2, 7

## I.    INTRODUCTION

Magistrate Judge Scott was correct when she found that Plaintiffs "have failed to carry their burden" of showing that the information sought—about every communication between Mark McDonald, a partner at Morrison & Foerster LLP ("Morrison"), which represent Defendants, and Defendants and defense counsel— has any relevance to Plaintiffs' claims or defenses.  (Dkt. No. 78 at 7 ("Magistrate's Order").)  Plaintiffs continue their quest for irrelevant discovery to support an argument that Mr. McDonald has violated this Court's February 23, 2018, Order disqualifying Mr. McDonald from acting as trial counsel under California's witness-advocate rule, California Rule of Professional Conduct 5-210 ("Rule 5-210"), by now asserting the Magistrate's Order is "contrary to law."

The Magistrate Judge correctly applied the legal principle that discovery is limited to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . .  the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(1).  Plaintiffs do not argue that this discovery is relevant to their claims in the litigation.  Instead, Plaintiffs argue the information is needed so that they can police a patently incorrect reading of this Court's February 23, 2018, Order and the transcript of that hearing—that is, that Morrison "was to shield Mr. McDonald from this action and prevent any participation by him with regard to this matter."  (Dkt. No. 76-1 ("Motion to Compel") at 11.)  Importantly, the Magistrate Judge found no evidence that Mr. McDonald has performed any work in this litigation since February 23, 2018.  Mr. McDonald does not appear on the pleadings, has not appeared before the Court, nor has he participated in any case discovery.  Indeed, the sole basis of Plaintiffs' subpoena to Morrison is a privileged communication from Mr. McDonald to his client Banc of California, N.A. ("Banc") about whether to assert that this action is related to the Securities Fraud Action where he serves as trial counsel for the Banc.

The Magistrate Judge was also correct when she found that "Judge Carter

1    never ordered [] that [the firm] 'segregate' Mr. McDonald from all work on this

2    lawsuit." (Magistrate's Order at 6.) The law is clear that a lawyer who is

3    disqualified under California's witness-advocate rule, Rule 5-210, may not appear

4    as trial counsel, but there is no basis for prohibiting that lawyer from

5    communicating with the client about the matter. The interest of justice and

6    integrity of the judicial process favors the important interest of allowing parties to

7    choose their own representation by an attorney of his or her choice. Accordingly,

8    complete withdrawal of an attorney is disfavored unless there is a non-waivable

9    conflict of interest. *Yagman v. Galipo*, No. CV 12- 7908-GW SHX, 2014 WL

10   2566129, at *2 (C.D. Cal. June 3, 2014). The Magistrate Judge's application of

11   these principles and interpretation of the Court's comments was correct. Plaintiffs'

12   Motion for Review (Dkt. No. 79) does not come close to meeting the exacting and

13   highly deferential standard applied to objections to a magistrate judge's decision on

14   discovery matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

## II.    BACKGROUND

### A.    Plaintiffs' Motion to Disqualify and Disqualification Order

17        On September 29, 2017, Plaintiffs filed a motion to disqualify Morrison and

18   Mr. McDonald based on two theories: (1) that, prior to the date this suit was filed,

19   Banc must have given Plaintiffs' confidential documents to Mr. McDonald and

20   Morrison, justifying disqualification of Morrison as Defendants' counsel, and

21   (2) that Mr. McDonald would be a material witness, justifying disqualification of

22   both Mr. McDonald and Morrison under California's witness-advocate rule, Rule 5-

23   210. In response, Mr. McDonald submitted a declaration stating that neither he nor

24   any other Morrison lawyers obtained or reviewed any of Plaintiffs' confidential

25   documents.

26        On February 23, 2018, this Court held a hearing and issued an order

27   disqualifying Mr. McDonald as counsel based solely on Rule 5-210 due to "the

28   confusion to the jury if [Mr.] McDonald served both as counsel in this matter and a

OPPOSITION TO MOTION FOR REVIEW

1   key witness, which may harm the integrity of the judicial process." (Dkt. No. 43 at

2   11:20-23.) With regard to the motion to disqualify Morrison, Your Honor stated

3   the following: "I wanna make it clear I do not have concerns regarding Plaintiffs'

4   speculation that Morrison & Foerster attorneys would've reviewed plaintiffs'

5   confidential information. Unless there's actual evidence of such misconduct, I

6   would deny the motion on those grounds." (*Id*. at 8:18-22.) This Court went on to

7   state that it could not disqualify Morrison "unless there was a transference of

8   [Plaintiffs'] information" to the firm. (*Id*. at 17:14-15.) This Court refused to find

9   a transfer based on Morrison's representations to the Court. "As far as

10  disqualifying the entire firm, absolutely not." (*Id*. at 16:15-16.)

11      After this Court rejected Plaintiffs' speculation that Banc already transferred

12  Plaintiffs' privileged information to Morrison, the following exchange occurred:

13          **MR. DEUTSCH:** Your Honor, given that we will be calling

14      Mr. McDonald as a witness in this matter and given that you will be

15      disqualifying him, may I ask as well that in your order, the minute

16      order that you send out, you instruct Morrison Foster (sic) since

17      they're not being disqualified, to segregate –

18          **THE COURT:** I can do that. But once I do that -- remember,

19      I'm trying not to cause embarrassment.

20          Morrison Foerster can't be that dumb. And let me say it this

21      way: If they did something like that, you're going to find it out during

22      your discovery process. And that's a whole different matter. That

23      whole firm then is in a different position. But if you want, I can

24      simply say, which is standard, that "you're not to disclose."

25          But, Counsel, if it happened, guess what? ***It already happened***.

26  (*Id*. at 18:9-25 (emphasis added).)

27      The Court's reply focused on whether there was a transfer of Plaintiffs'

28  confidential information to the firm. Mr. Deutsch asked Morrison to confirm its

1   representation that it had not obtained Plaintiffs' privileged and confidential

2   information, after which the Court invited Plaintiffs to seek discovery on

3   Morrison's representation and "come back" if there was contrary evidence:

4          **MR. DEUTSCH:** That's -- that's --

5          **THE COURT:** So your choice if you want me to send that

6     out.  I just don't want to be --

7          **MR. DEUTSCH:** I will accept Mr. McDowell's [of Morrison]

8     representation if he were prepared to give that representation.

9          **THE COURT:** Sure. I'd appreciate it.  It's a kind way to treat

10     you both, quite frankly.  I have great faith in my attorneys when they

11     make a representation, and I'd prefer to leave it on that basis.

12          Now, if you discover something else, you're free to ask those

13     questions at a deposition.  That doesn't have a chilling effect.  And

14     then you're free to come back.  But I tend to go back to the days

15     when we could all just shake hands in this county and your word was

16     your bond.  Okay?

17          **MR. DEUTSCH:** That's fine with me, Your Honor.

18          **THE COURT:** Okay. Thank you very much.

19   (*Id*. at 19:1-17.)

20          The statements at the hearing taken as a whole make clear that the Court was

21   focused on the veracity of Morrison's representations that it had not obtained

22   Plaintiffs' privileged and confidential information.  The comments excerpted by

23   Plaintiffs in their Motion to Compel and Motion for Review were directed to

24   discovery relating to the prior alleged transference of Plaintiffs' information to

25   defense counsel.  The comments had nothing to do with the scope of Mr.

26   McDonald's involvement in the action going forward.  These statements cannot

27   plausibly be interpreted to prohibit Mr. McDonald from communicating with

28   anyone about this case and to authorize discovery into his communications.

1  Ultimately, the Court did not include any admonition for an order precluding Mr.

2  McDonald from having any communications with his firms' clients about this

3  action.  Mr. McDonald remains counsel for Banc in other matters, including *In re*

4  *Banc of California, Inc. Securities Litigation*, No. 17-00118-AG-DFM (C.D. Cal.)

5  (the "Securities Fraud Action").

6         **B.**      **Plaintiffs' Discovery to Morrison**

7        Following the February hearing, on June 6, 2018, Plaintiffs served a first

8  subpoena on Morrison seeking, *inter alia*, information on Morrison's alleged prior

9  receipt of Plaintiffs' privileged and confidential information.  As set forth above,

10  Morrison interpreted the Court's Order to permit such discovery.  That first

11  subpoena is not at issue in this present dispute.

12        Plaintiffs served a second subpoena on Morrison on July 12, 2018

13  ("Subpoena") that they characterize as "seek[ing] materials directly bearing on the

14  role and actions of Mr. McDonald in this case."  (Motion to Compel at9.)  The

15  Subpoena seeks communications with Mr. McDonald, on the one hand, and Banc

16  or other Defendants or other defense counsel, on the other hand, concerning this

17  lawsuit dated on or after February 23, 2018 to the present.  The last category asks

18  for all of Mr. McDonald's billing records and timekeeping records concerning work

19  in connection with this lawsuit.  Morrison responded by objecting to the requests

20  based on relevancy and privilege grounds.

21        Plaintiffs' Subpoena (and entire motion) is based on an attorney client

22  privileged communication that was inadvertently sent by Mr. McDonald to Manny

23  Abascal, counsel for Plaintiffs' principal, discussing a potential notice of related

24  case filing between this case and the Securities Fraud Action.  Mr. Abascal

25  immediately recognized the e-mail was not intended for him and represented that he

26  would destroy it.  Instead, Mr. Abascal informed Plaintiffs' counsel about the e-

27  mail for use in this litigation.  Plaintiffs concede the e-mail serves as the basis for

28  Plaintiffs' Subpoena to Morrison, and this Motion to Compel.  (Motion for Review

at 6-7.)  By using the inadvertent e-mail, both Mr. Abascal and Mr. Deutsch have violated their ethical obligations.  *See* Cal. Eth. Op. 2013-188 ("Attorney may not read, disseminate, or otherwise use the [inadvertent] communication or its contents absent court approval or consent of its owner.")  Morrison asked Plaintiffs' counsel to withdraw this motion and any reference to the e-mail inadvertently sent to Mr. Abascal, but Plaintiffs' counsel refused.

On November 2, 2018, Plaintiffs filed a motion, in the form of a joint stipulation, to compel Morrison to confirm whether responsive documents exist and serve a privilege log, assuming such documents exist.  (*See* Motion to Compel.)  In its motion, Plaintiffs argued the Subpoena was properly "targeted to discover the full extent of Mr. McDonald's continued involvement. … That is an issue which Judge Carter has already indicated would be relevant for discovery, should Mr. McDonald be ill-advised enough to continue his involvement."  (*Id.* at 10.)

## C.    The Magistrate Judge's Order Denying Motion to Compel

On November 13, 2018, the Magistrate Judge issued an order denying Plaintiffs' Motion to Compel, finding "Plaintiffs have failed to carry their burden of demonstrating why the subpoena they issued to [Morrison] seeks relevant information."  (Magistrate's Order at 7.)  The Magistrate Judge noted Plaintiffs' "relevancy argument consists of (1) explaining what the subpoena seeks to discover rather than explaining why that information is relevant under Federal Rule of Civil Procedure 26(b)(1),[1] and (2) an argument that the Court already ruled that such discovery is permissible."  (*Id.* at 6.)

As to the Court's prior ruling, the Magistrate Judge determined that there are "several problems" with Plaintiffs' interpretation of the Court's order as requiring

---

[1] In an apparent attempt to remedy the deficiency in their Motion to Compel, Plaintiffs raise three new arguments on relevancy in the Motion for Review.  As set forth in Section IV.A., below, Plaintiffs' new arguments do not merit finding that the Magistrate Judge misapplied the law under Fed. R. Civ. P. 26(b)(1).

Mr. McDonald be "shielded from any participation in this matter." (*Id.* at 6.) The Magistrate Judge found that the Court did not order that Mr. McDonald could not have any communications with Defendants about this litigation, and that there was no basis for such an order because Mr. McDonald's disqualification as trial counsel from this case was based solely on the witness-advocate rule. (*Id.* at 6-7.) The Magistrate Judge also found that there is no evidence Mr. McDonald was performing work in this litigation, and his involvement in the notice of related case could have been done while representing Banc in the Securities Fraud Action. (*Id.* at 7.) Plaintiffs do not and cannot challenge that ruling. Mr. McDonald has not appeared in the action since the Court's ruling. The Magistrate Judge further found "the most likely interpretation" of the Court's statement about future discovery "is that Plaintiffs would be permitted to inquire about the potential dissemination of confidential information from the OneHub account (which they already did via the first subpoena directed at [Morrison])." (*Id.* at 7.) The Magistrate Judge rejected Plaintiffs' incorrect interpretation of the Court's comments as permitting discovery into Mr. McDonald's communications with Defendants and defense counsel.

Accordingly, the Magistrate Judge reasoned that the Subpoena to Morrison sought non-relevant communications between counsel and client. Because the Subpoena was directed at non-relevant information, the Magistrate Judge correctly concluded "[Morrison's] relevancy objection to every document category was well taken [and] [Morrison] was not required to serve a privilege log or explain whether responsive documents existed." (*Id.* at 7.)

Plaintiffs seek review of the Magistrate Judge's ruling contending it is incorrect based on a "misinterpretation of… statements on the record concerning Mr. McDonald's involvement in this action." (Motion for Review at 7.)

## III.    LEGAL STANDARD

Section 636(b)(1)(A) of Title 28 of the United States Code provides that a district judge "may reconsider any pretrial matter [ruled on by a magistrate

judge] . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a). The "clearly erroneous" standard, which is significantly deferential, applies to the magistrate judge's factual determinations. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) *Middlesex Ret. Sys. v. Quest Software, Inc.*, No. CV 06-6863 DOC (RNBx), 2009 WL 10675586, at *2 (C.D. Cal. Sept. 18, 2009). The Ninth Circuit has emphasized that this standard requires the magistrate judge's decision to be "dead wrong," as the standard aims to "protect both [the] court and parties against the burdens of repeated reargument by indefatigable diehards." *Alaimalo v. United States*, 645 F.3d 1042, 1060 (9th Cir. 2011) (citations and internal quotation marks omitted). Under this standard, the district court should overturn the magistrate judge's ruling only when the district court is "left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (citation and quotation marks omitted); *Middlesex Ret. Sys.*, 2009 WL 10675586, at *2. A court reviewing the factual findings of a lower court under the clear error standard must accept the findings if they are not "illogical, implausible, or without support in the record." *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010) (citation omitted); *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002) ("[I]f the district court's findings are plausible in light of the record viewed in its entirety, the appellate court cannot reverse even if it is convinced it would have found differently.").

The "contrary to law" standard—the basis of Plaintiffs' Motion for Review of the Magistrate's ruling—permits *de novo* review of purely legal determinations by the magistrate judge. *Middlesex Ret. Sys.*, 2009 WL 10675586, at *2 (citation and internal quotation marks omitted); *see also St. Paul Mercury Ins. Co. v. Hahn*, Case No. SACV 13-0424 AG (RNBx), 2014 WL 12588631, at *1 (C.D. Cal. July 25, 2014). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Poquito Mas Licensing Corp. v. Taco*

1   *Bell Corp.*, No. SA CV 13-1933-DOC (JPRx), 2014 WL 12772086, at *2 (C.D.

2   Cal. Dec. 4, 2014) (citations and quotation marks omitted); *United States v.*

3   *Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

4        In the discovery context, magistrate judges are "afforded broad discretion,

5   which will be overruled only if abused." *Poquito Mas Licensing Corp.*, 2014 WL

6   12772086, at *2 (quoting *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446

7   (C.D. Cal. 2007) (citations and quotation marks omitted)).  "A judge abuses his

8   discretion only when his decision is based on an erroneous conclusion of law or

9   where the record contains no evidence on which he rationally could have based that

10  decision." *Premium Serv. Corp. v. Sperry & Hutchison Co.*, 511 F.2d 225, 229 (9th

11  Cir. 1975); *Contemporary Servs. Corp. v. Landmark Event Staffing Servs.*, No.

12  SACV 09-00681 AG (ANx), 2013 WL 12142953, at *1 (C.D. Cal. Feb. 4, 2013).

13  **IV.   THE MAGISTRATE JUDGE'S RULING THAT PLAINTIFFS'**

14  **SUBPOENA TO MORRISON SEEKS NON-RELEVANT INFORMATION THAT FALLS OUTSIDE THE SCOPE OF**

15  **PERMISSIBLE DISCOVERY WAS NOT AN ERRONEOUS CONCLUSION OF LAW**

16  **A.   Plaintiffs' New Arguments On Relevance Still Fail To Demonstrate Why Mr. McDonald's Communications with**

17  **Defendants and Other Defense Counsel After February 23, 2018 Are Relevant**

18

19       As the Magistrate Judge pointed out, Plaintiffs' relevancy argument in their

20  Motion to Compel "consists of explaining what the subpoena seeks to discover

21  rather than explaining why that information is relevant under Federal Rule of Civil

22  Procedure 26(b)(1)."  (Magistrate's Order at 6.)  In their Motion for Review,

23  Plaintiffs raise new arguments on purported relevance but still do not cite a single

24  basis for finding Mr. McDonald's communications with Defendants or other

25  defense counsel after February 23, 2018 are relevant to Plaintiffs' claims or

26  defenses in this action.  When this Court reviews the new arguments relied on by

27  Plaintiffs and consider the law, this Court will agree the Magistrate Judge's ruling

28  on relevance was not an erroneous conclusion of law.

1     Based solely on Plaintiffs' own interpretation of the Court's order as

2   requiring Mr. McDonald be "shielded from any participation in this matter,"

3   Plaintiffs now argue that discovery on Mr. McDonald's communications with

4   Defendants and other defense counsel is relevant because it concerns "the actions of

5   a key witness," his possible exposure to information designated

6   "Attorneys'/Experts Eyes Only" and "his violation of the Court's order and

7   directions."  (Motion for Review at 7-8.)  Plaintiffs' argument boils down to this—

8   because Mr. McDonald violated the Court's February 23, 2018 order allegedly

9   requiring that he sequester himself from this case, Plaintiffs are entitled to discover

10   information that could be used to impeach Mr. McDonald or to damage his

11   credibility.

12     But, as established in this brief, the basis for Plaintiffs' entire argument stems

13   from their incorrect interpretation of this Court's February 23, 2018 order

14   disqualifying Mr. McDonald from appearing as trial counsel under the witness-

15   advocate rule.  Plaintiffs are seeking information to show alleged wrongdoing for

16   actions that are not wrongful to begin with.  *See Sinohui v. CEC Entm't, Inc.*, No.

17   EDCV 14-2516- JLS (KKx), 2016 WL 2743458, at *5 (C.D. Cal. May 11, 2016)

18   (denying motion to compel documents intended to show counsel's alleged

19   misconduct because "[a]s an initial matter, the Court finds that a disqualification

20   motion is generally not relevant to a party's claims or defenses").

21     Moreover, Plaintiffs again fail to explain why every communication between

22   Mr. McDonald and Defendants and other defense counsel would be relevant to the

23   claims and defenses in this action.  Federal Rule of Civil Procedure 26(b)(1)

24   permits discovery of "nonprivileged matter that is relevant to any party's claim or

25   defense and proportional to the needs of the case, considering . . .  the importance

26   of the discovery in resolving the issues."  Plaintiffs do not state how

27   communications between Mr. McDonald and Defendants or other defense counsel

28   on or after February 23, 2018 would bear on the actual topic he will be called as

witness to testify on:  his March 7, 2017 letter to OneHub.  Nor can they—communications with Defendants or other defense counsel on or after February 23, 2018 occurred long after Mr. McDonald's letter to OneHub and bear no relation the preparation of the letter.  Plaintiffs do not (and cannot) articulate how such communications are relevant to the allegations in the Complaint.

Plaintiffs cite the Fed. R. Civ. P. 26 Advisory Committee Notes for the proposition that impeachment information "although not otherwise relevant to the claims or defenses, might be properly discoverable."  (Motion for Review at 8.) However, the Committee Notes also urge that the "Committee intends that the parties and the court focus on the actual claims and defenses involved in the action" when determining whether the scope of requested discovery is proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1) advisory committee note to 2000 amendment.  *See also Bluestone Innovations LLC v. LG Elecs. Inc*, No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) ("Discovery of information that has no conceivable bearing on the case should not, however, be allowed.  Courts need not allow fishing expeditions, and the liberal discovery standard is not so liberal as to allow a party [to] explore matter which does not presently appear germane on the theory that it might conceivably become so." (internal citations and quotation marks omitted)).

Indeed, Plaintiffs' own cases do not support their broad fishing expedition for evidence intended solely to impeach Mr. McDonald.  In *Hayse v. City of Melvindale*, C.A. No. 17-13294, 2018 WL 3655138 (E.D. Mich. Aug. 2, 2018), the court agreed that documents purporting to show a witness was intimidated into giving false testimony could be sought for impeachment purposes, finding "evidence that defendants attempted to intimidate and threaten witnesses in this case is inherently relevant to this case."  *Id*. at *5.  Plaintiffs do not allege any witness was intimidated.  Even then, the court found "that some of [the] requests are too broadly written, encompassing evidence that is not relevant or important for

1    resolving the issues here" and narrowed the requests.  *Id.*  In *Chavez v. McKinney*,

2    CIV 16-1004 CG/KBM, 2017 WL 4534857 (D.N.M. Feb. 9, 2017), the court

3    allowed discovery into any disciplinary actions the defendant received while

4    employed as a police officer, finding defendant "faces pending charges of

5    embezzlement in connection with his employment" and "embezzlement involves

6    some element of untruthfulness, deceit or falsification bearing on the accused's

7    propensity to testify falsely." *Id*. at *3 (citation and quotation marks omitted).

8         Notwithstanding that Mr. McDonald was never ordered to completely

9    sequester himself from the case, the Magistrate Judge correctly found that there is

10   no evidence Mr. McDonald was performing work in this litigation warranting

11   discovery into any alleged misconduct by Mr. McDonald.  (Magistrate's Order at

12   7.)  Morrison and Mr. McDonald continue to represent Banc in the Securities Fraud

13   Action.  The Magistrate Judge concluded Mr. McDonald's communications with

14   Banc and other lawyers at Morrison regarding filing a notice of related case could

15   have been done while representing Banc in the Securities Fraud Action.  (*Id*.)

16   Plaintiffs' unsubstantiated "belie[f]" that Mr. McDonald is somehow violating this

17   Court's prior ruling is not only incorrect, but it is insufficient to overcome the great

18   deference that applies to the Magistrate Judge's factual findings.  The Magistrate

19   Judge's conclusion was not "dead wrong," *Alaimalo*, 645 F.3d at 1060, nor

20   "illogical, implausible, or without support in the record," *In re Retz*, 606 F.3d 1196;

21   *Husain*, 316 F.3d at 835.

22        Plaintiffs' speculation that they will be prejudiced in some unarticulated

23   fashion by Mr. McDonald's potential exposure to the case does not form a basis for

24   compelling production of Mr. McDonald's irrelevant privileged communications

25   with other defense counsel and Defendants.  *See Bluestone Innovations LLC*, 2013

26   WL 6354419, at *2 (denying motion to compel documents intended to show

27   plaintiffs' counsel violated California Rules of Professional Conduct without

28   showing the issue "has any bearing on any claim or defense in this case" and

1  finding defendants "only speculates that [counsel] may have violated their ethical

2  obligations to third parties, without pointing to any evidence suggesting misuse of

3  any confidential information obtained in representing those third parties, much less

4  misuse of such information in this lawsuit").  Accordingly, Plaintiffs fail to show

5  how their requested discovery is relevant, much less proportionally related to the

6  needs of this case.

7       The Plaintiffs' new relevance arguments provide no basis to find the

8  Magistrate Judge abused her discretion.  Her finding that the Subpoena seeks non-

9  relevant information was not an erroneous conclusion of law.  *See e.g., Middlesex*

10 *Ret. Sys.*, 2009 WL 10675586, at *2; *Poquito Mas Licensing Corp.*, 2014 WL

11 12772086, at *2; *St. Paul Mercury Ins.*, 2014 WL 12588631, at *1; *Cathcart*, 2009

12 WL 1764642, at *2.

13       **B.    The Magistrate Judge Correctly Concluded That Discovery Of
14             Mr. McDonald's Communications with Defendants and Other
               Defense Counsel After February 23, 2018 Was Not Already
15             Ordered Permissible By the Court**

16       Rather than proving relevancy on the merits in their Motion to Compel

17 (because they cannot, as set forth above), Plaintiffs instead resorted to arguing that

18 the Subpoena was proper because the Court's disqualification ruling allegedly

19 required "that Mr. McDonald was to be shielded from any participation in this

20 matter" and that the Court "already indicated" discovery into any continued

21 involvement in the matter would be permissible.  (Motion to Compel at 2, 10.)  The

22 Magistrate Judge declined to read the ruling and the Court's comments on the

23 record so broadly and correctly concluded that it would not serve the purpose of the

24 witness-advocate rule to require that Mr. McDonald be shielded from this lawsuit.

25 (Magistrate Order at 7.)  The Magistrate Judge reasoned that "the basis of Judge

26 Carter's disqualification was the witness advocate rule, and the purpose of that rule

27 is to prevent juror confusion when a lawyer appears [as] both a witness and an

28 advocate."  (*Id*. at 6.)  The Magistrate Judge's conclusion is well supported by the

1   record and the law and was not clearly erroneous.

2          The principle that a lawyer who is disqualified under California's witness-

3   advocate rule, Rule 5-210, is not barred from communicating with the client about

4   the matter, or continuing to work on the matter for that fact, is well established.

5   *DHR Int'l Inc. v. Charlson*, No. C 14-1899 PJH, 2014 WL 4808752, at *10 (N.D.

6   Cal. Sept. 26, 2014) ("the advocate-witness rule disqualifies the attorney only from

7   acting as an advocate at trial. Thus, participating in pretrial activities, preparation

8   of briefs and pleadings, and planning and trial strategy, will generally not be

9   barred"); *Benas v. Baca*, No. CV0011507LGB(SHX), 2003 WL 21692037 (C.D.

10  Cal. July 10, 2003) (clarifying that disqualification order only precluded attorney

11  from acting as advocate at trial, not from participating in pretrial proceedings);

12  *GayDays, Inc. v. Master Entm't, Inc.*, Case No. CV 07–6179 ABC (JWJx), 2008

13  WL 11339109, at *2 (C.D. Cal. July 8, 2008) ("the comments to Rule 5–210

14  contemplate that the rule applies only in proceedings before a jury, not the Court,

15  which strongly suggests that, at least during discovery and pretrial proceedings, [an

16  attorney's] dual role will not hinder the judicial process"); *Caluori v. One World

17  Techs., Inc.*, No. CV 07-2035 CAS (VBKx), 2012 WL 2004173, at *6 (C.D. Cal.

18  June 4, 2012) (attorney disqualified as trial counsel under Rule 5-210 may continue

19  to serve as an adviser to his client).

20         Plaintiffs do not challenge the Magistrate Judge's finding on the scope of

21  disqualification under the witness-advocate rule and cite no authority supporting

22  their theory that disqualification as trial counsel under Rule 5-210 precludes an

23  attorney from continuing to serve as an adviser to a party. Instead, in their Motion

24  for Review, Plaintiffs assert for the first time that the timing of Mr. McDonald's

25  disqualification somehow dictates the scope of the disqualification. Plaintiffs cite

26  no law and make no argument that such finding would serve the purpose of the

27  witness-advocate rule.

28         Conversely, interpreting this Court's order pursuant to Rule 5-210 as an order

OPPOSITION TO MOTION FOR REVIEW

la-1403233

1    requiring that Mr. McDonald sequester himself from the matter entirely would be

2    contrary to law.  A client's right representation of its choice is imperative and yields

3    only to considerations of ethics.  *See Yagman*, 2014 WL 2566129, at *2 (citing *Lyle*

4    *v. Superior Court*, 122 Cal. App. 3d 470, 480 (1981)).  Thus, a client's adviser may

5    be ordered to withdraw from a matter only "where, as a result of a prior

6    representation or through improper means, there is a reasonably probability counsel

7    has obtained information the court believes would likely be used advantageously

8    against an adverse party during the course of the litigation" thereby affecting the

9    outcome of the proceedings before the Court.  *Gregori v. Bank of America*,  207

10   Cal. App. 3d 291, 309 (1989).  Here, as the Magistrate Judge aptly recognized, "Mr.

11   McDonald's disqualification was ***not*** based on a finding that Mr. McDonald had

12   received Plaintiffs' confidential information.  Judge Carter expressly declined to

13   make such a finding…"  (Magistrate's Order at 7 (emphasis added).)  On this

14   record, there is no basis to interpret Mr. McDonald's disqualification as requiring

15   that he sequester himself from the matter entirely.  Denying Defendants their right

16   to representation of their choice in this instance, where there is no conflict of

17   interest, would be punitive, not prophylactic.  *Gregori*, 207 Cal. App. 3d at 309

18   (requiring disqualification "serve[] the useful purpose of eliminating from the case"

19   an attorney who could exploit an unfair advantage gained through improper means).

20   Accordingly, the Magistrate Judge's determination that disqualification as trial

21   counsel under Rule 5-210 does not require Mr. McDonald sequester himself from

22   this matter is not an erroneous conclusion of law.  *See e.g., St. Paul Mercury Ins.*,

23   2014 WL 12588631, at *1; *Cathcart*, 2009 WL 1764642, at *2; *Middlesex Ret.*

24   *Sys.*, 2009 WL 10675586, at *2; *Poquito Mas Licensing Corp.*, 2014 WL

25   12772086, at *2; *Gregori*, 207 Cal. App. 3d at 309; *Yagman*, 2014 WL 2566129, at

26   *2.

27        Morrison also submits that the Magistrate Judge correctly concluded that "the

28   most likely interpretation" of the Court's comments on future discovery "is that

OPPOSITION TO MOTION FOR REVIEW

Plaintiffs would be permitted to inquire about the potential dissemination of confidential information from the OneHub account (which they already did via the first subpoena directed at [Morrison])."  (Magistrate's Order at 7.)  Plaintiffs' claim—that Mr. McDonald's future communications with Defendants and defense counsel regarding the matter would be discoverable—is not consistent with the comments on the record.  (*See* Section II.A.)  The Magistrate Judge, on the other hand, correctly interpreted the permissible scope of discovery in light of the record viewed in its entirety.  Thus, the Magistrate Judge's findings were consistent with the Court's "comments that (1) the results of such discovery could lead to a renewed motion to disqualify the entire [Morrison] firm, and (2) if such disclosure had happened, it would have already happened in the past" (Magistrate's Order at 7).

In sum, taking into account the record properly before the Magistrate Judge, rejection of Plaintiffs' overbroad interpretation of the this Court's disqualification of Mr. McDonald and scope of permissible discovery based thereon was not "dead wrong," *Alaimalo*, 645 F.3d at 1060, nor leading to a "definite and firm conviction that a mistake had been committed," *Concrete Pipe*, 508 U.S. at 622, or that it was an erroneous conclusion of law, *Middlesex Ret. Sys.*, 2009 WL 10675586, at *2; *Poquito Mas Licensing Corp.*, 2014 WL 12772086, at *2; *St. Paul Mercury Ins.*, 2014 WL 12588631, at *1.

## V.    THE MAGISTRATE JUDGE CORRECTLY CONCLUDED THAT A PRIVILEGE LOG IDENTIFYING ALL RESPONSIVE DOCUMENTS IS NOT REQUIRED BECAUSE THE DOCUMENTS SOUGHT ARE NON-RELEVANT

The Magistrate Judge correctly applied Rule 26(b)(5)(A) when she determined that, because Plaintiffs have failed to meet their burden of proving relevance under Fed. R. Civ. P. 26(b)(1), Morrison is not required to produce a privilege log identifying all responsive documents.  (Magistrate's Order at 7.)  The Magistrate Judge's finding is not an erroneous conclusion of law and Plaintiffs'

1  Motion for Review does not contend otherwise.

2  **VI.    CONCLUSION**

3          For the foregoing reasons, this Court should summarily deny Plaintiffs'

4  Motion for Review and affirm the Magistrate's Order.

5

6  Dated:  December 17, 2018              MORRISON & FOERSTER LLP
                                         DAVID F. MCDOWELL
7                                        ASHLEIGH K. LANDIS

8

9                                        By:  */s/ David F. McDowell*
                                         _____

10                                       Attorneys for Banc of California, N.A.
11                                       and Hugh F. Boyle

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION FOR REVIEW

la-1403233