Bridget B. Hirsch, State Bar No. 257015
bhirsch@andersonkill.com
ANDERSON KILL CALIFORNIA L.L.P.
Wells Fargo Plaza
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071
Tel:   (213) 943-1444
Fax:   (212) 278-1733

Jeremy E. Deutsch (Admitted Pro Hac Vice)
jdeutsch@andersonkill.com
Christian V. Cangiano (Admitted Pro Hac Vice)
ccangiano@andersonkill.com
Ethan W. Middlebrooks (Admitted Pro Hac Vice)
emiddlebrooks@andersonkill.com
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Tel.:   (212) 278-1000
Fax:   (212) 278-1733

Attorneys for Plaintiffs
COR Securities Holdings Inc. and COR Clearing LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COR SECURITIES HOLDINGS INC., a Delaware Corporation; and COR CLEARING LLC, a Delaware limited liability company,<br><br>                  Plaintiffs,<br><br>vs.<br><br>BANC OF CALIFORNIA, N.A., a nationally chartered bank under the laws of California; HUGH F. BOYLE, an individual; and DOES 1-10,<br><br>                  Defendants. | **Civil Action No. 8:17-cv-01403-DOC (KESx)**<br><br>Hon. David O. Carter<br>Courtroom: 9D<br>Discovery Cutoff: February 15, 2019<br>Pretrial Conference: June 3, 2019<br>Trial: June 18, 2019<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR REVIEW AND OBJECTION PURSUANT TO FED. R. CIV. P. 72(A) AND L.R. 72-2.1 TO DECISION BY A MAGISTRATE JUDGE** |

**REPLY IN SUPPORT OF MOTION FOR REVIEW AND OBJECTION**

docs-100079757.1

## I. Introduction

Plaintiffs COR SECURITIES HOLDINGS INC. ("CORSHI") and COR CLEARING LLC ("COR Clearing") respectfully submit this reply brief in further support of their motion for review. Plaintiffs brought their motion pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2.1, to object to and for review of a decision made by Magistrate Judge Scott regarding Plaintiffs' Motion to Compel Compliance with Subpoena to Morrison & Foerster, L.L.P. Plaintiffs' motion should be granted because (1) they have demonstrated the relevance of the materials sought by their Subpoena to Morrison & Foerster ("MoFo") and (2) based on the Court's February 23, 2018 rulings on Plaintiffs' motion to disqualify Mark R. McDonald of MoFo, both of which MoFo and the Magistrate Judge respectfully have misapprehended.

## II. Plaintiffs Are Not Raising New Arguments But Are Making Relevancy Arguments The Magistrate Judge Did Not Afford Them Their Opportunity To Make

As an initial matter, MoFo misleadingly argues in its Opposition that Plaintiffs have raised new arguments in its motion for review. (*See* Opposition, ECF # 81, at 9). The Magistrate Judge issued her ruling on Plaintiffs' Motion To Compel prior to the time by which Plaintiffs must file their Local Rule 37-2.3 supplemental memorandum. Plaintiffs were thus not afforded the opportunity to respond to MoFo's arguments in the Local Rule 37-2 Joint Stipulation when the matter was before the Magistrate Judge. The relevancy arguments made in the motion to review are in direct support of Plaintiffs' Motion To Compel, should have been considered by the Magistrate Judge, and would have demonstrated relevancy. Because the Magistrate Judge issued her ruling prior to Plaintiffs' opportunity to fully brief their Motion To Compel under Local Rule 37-2, that alone should result in this Court granting Plaintiffs' present motion for review.
///

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

### III. The Subpoena Seeks Relevant Documents

Plaintiffs' Subpoena is underscored by the same reasoning as their motion to disqualify: the protection of Plaintiffs and the vindication of the interests of the judicial system.[1] This action is premised in large part on the fraudulent actions of Defendants, with which Mr. McDonald played a very large part. It need not be repeated in detail the significance of Mr. McDonald as a witness in this matter. But given Mr. McDonald's central role in the fraudulent actions of Defendants, his veracity is of great consequence.[2]

Plaintiffs' Subpoena seeks information pertaining to Mr. McDonald's veracity. As Plaintiffs set forth in their prior briefing on this motion, "information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable." Fed. R. Civ. P. 26 Advisory Committee Notes. Plaintiffs are entitled to this information before they take Mr. McDonald's deposition.

Moreover, Mr. McDonald's veracity pertains to Plaintiffs' claims in this matter. Plaintiffs have alleged numerous falsehoods in Mr. McDonald's March 7, 2017 letter. (ECF # 1 at ¶¶ 40-44). Defendants have denied that Mr. McDonald's statements were falsities. (ECF # 50 at Page ID # 430-31, ¶¶ 40-44). Plaintiffs also have alleged that Mr. McDonald took steps to frustrate Plaintiffs' efforts at

---

[1] For that reason, as stated in prior briefing, Plaintiffs' Subpoena followed Defendants' filing of their failed Notice of Related Case, once Plaintiffs learned of the fact of Mr. McDonald's apparent continued involvement in this action.

[2] MoFo's Opposition miscomprehends the extent of Mr. McDonald's role in Defendants' wrongful actions by assuming that the only topic on which he will testify is his March 7, 2017 letter to OneHub. Mr. McDonald was heavily involved in Defendants' dilatory and misleading actions following their unauthorized access to and taking of Plaintiffs' privileged, proprietary and/or confidential materials from OneHub.

Anderson Kill California L.L.P.
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

investigation into the taking of their data from OneHub, Inc. and restoration of that data. (ECF # 1 at ¶¶ 67-70). Mr. McDonald's veracity is significant to Plaintiffs' claims, and therefore is relevant. *See, e.g.*, *Polaris Innovations, Ltd. v. Kingston Tech. Co.*, No. 16-cv-00300, 2017 U.S. Dist. LEXIS 222261 (C.D. Cal. Feb. 14, 2017) ("Under the FRCP, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense'" (quoting Fed. R. Civ. P. 26(b)(1))).

Further, as Plaintiffs have established in their prior briefing, this Court stated during the disqualification hearing that Mr. McDonald's involvement with this action was a topic ripe for discovery. *See* ECF # 79 at 9 (citing Feb. 23, 2018 Hearing Transcript at 18:18-19)). Plaintiffs need not recite in detail that argument, as well as Plaintiffs' other demonstrations of relevancy concerning Mr. McDonald's continued involvement in this action, and instead hereby incorporate by reference the arguments set forth in their initial memorandum in support of this motion as well as their positions in the Local Rule 37-2 Joint Stipulation. (*See* ECF # 76-1, 79).

Because Plaintiffs have proven the relevancy of their Subpoena requests, this Court should respectfully overturn Magistrate Judge Scott's Order and grant Plaintiffs' Motion To Compel.

## IV. Plaintiffs Have Correctly Interpreted This Court's Rulings

It is apparent from the Magistrate Judge's ruling and MoFo's portion of the Local Rule 37-2 joint stipulation submission that there might be some confusion surrounding the Court's February 23, 2018 rulings. However, notwithstanding the Court's February 23, 2018 Order, the Court's admonitions in support of the Order can only mean one thing: that Mr. McDonald was to be sequestered from ***any*** involvement in this action entirely. That is evident from the Court's admonitions as well as the timing of the Court's decision on disqualification. As Plaintiffs set forth in their motion to disqualify, that motion was brought at the very beginning

- 3 -

**REPLY IN SUPPORT OF MOTION FOR REVIEW AND OBJECTION**
docs-100079757.1

of this lawsuit, to protect Plaintiffs and to vindicate the interests of the judicial system. The Court agreed by granting the order to disqualify at the outset of this lawsuit. It is clear that Mr. McDonald's involvement was to cease entirely.

Plaintiffs' interpretation of this Court's rulings is accurate. The Magistrate Judge, by ruling on Plaintiffs' Motion To Compel without the benefit of Plaintiffs' Local Rule 37-2.3 supplemental memorandum, was left with the initial submission of MoFo setting forth an interpretation of this Court's February 23, 2018 rulings—a submission made by an attorney not present for the hearing on the motion to disqualify. Respectfully, the lack of personal knowledge as to what transpired at the hearing, not fully reflected by the transcript, is worth note. Plaintiffs submit that an attendee of the hearing would be hard-pressed to argue that Mr. McDonald is not supposed to be sequestered from this action.

In any event, this Court is best positioned to interpret this Court's own order. *Cf. Cave v. Singletary*, 84 F.3d 1350, 1354-55 (11th Cir. 1996) ("The district court's interpretation of its own order is properly accorded deference"); *accord Mich. v. Allen Park*, 954 F.2d 1201, 1213 (6th Cir. 1992); *Anderson v. Stephens*, 875 F.2d 76, 80 n. 8 (4th Cir. 1989); *In re Chicago, Rock Island & Pacific R.R. Co.*, 865 F.2d 807, 810-11 (7th Cir. 1988); *cf. also United States v. Soderling*, No. 88-1216, 1992 U.S. App. LEXIS 15827, at *11 (9th Cir. June 30, 1992) (deference granted to "district court's interpretation of its own orders"). This Court should find that Plaintiffs have correctly interpreted the Court's February 23, 2018 rulings, and grant Plaintiffs' motions.

## V. Conclusion

For all of the reasons set forth above and in Plaintiffs' prior briefing, Plaintiffs respectfully request that the Court reverse the Magistrate Judge's decision as to the Subpoena, and grant Plaintiffs' Motion To Compel MoFo (1) to confirm whether it has withheld any responsive documents on the basis of any objection, and (2) to issue a privilege log for any documents withheld pursuant to a

claim of privilege.

Dated: December 21, 2018

**ANDERSON KILL CALIFORNIA L.L.P.**
**ANDERSON KILL P.C.**

By: /s/ Ethan W. Middlebrooks
Bridget B. Hirsch, Esq.
Wells Fargo Plaza
355 South Grand Avenue, Suite 2450
Telephone: (213) 943-1444
Facsimile: (212) 278-1733
E-mail: bhirsch@andersonkill.com

Jeremy E. Deutsch, Esq.
Christian V. Cangiano, Esq.
Ethan W. Middlebrooks, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
E-mail: jdeutsch@andersonkill.com
E-mail: ccangiano@andersonkill.com
E-mail: emiddlebrooks@andersonkill.com

*Attorneys for Plaintiffs COR SECURITIES HOLDINGS INC. and COR CLEARING LLC*

**REPLY IN SUPPORT OF MOTION FOR REVIEW AND OBJECTION**

docs-100079757.1